■ KATHERINE CHIOCCHI et al., Appellants, v TOWN OF MONT-GOMERY et al., Respondents.—In an action, *inter alia,* for a judgment declaring the Montgomery Sewer District No. 2's operation and maintenance charge invalid, the plaintiffs appeal from an order of the Supreme Court, Orange County (Burchell, J.), entered November 28, 1984, which granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for summary judgment in their favor.

Order modified, on the law, by deleting the provision thereof granting the defendant's motion for summary judgment dismissing the complaint and substituting therefor a provision denying that motion. As so modified, order affirmed, with costs to the plaintiffs.

Based upon a review of the record, we conclude that Special

Term erred in dismissing the complaint since the evidence in the record raises a triable issue of fact as to whether the charges levied against the plaintiffs' property in connection with the Town of Montgomery Sewer District No. 2 were illegal and invalid. According to the allegations in the complaint, as well as the documentary evidence submitted by the plaintiffs on the instant motions, it appears that the levied charges constituted a share of the operation and maintenance costs of the sewer district. Since the plaintiffs' properties are not serviced by the sewer district, they cannot, as the defendants concede, be properly charged for such costs. Moreover, assuming that the subject charges constituted a valid assessment against the plaintiffs' properties for the capital construction costs of the sewer district, as the defendants maintain, the plaintiffs' motion papers raise a triable issue of fact as to whether the defendants properly complied with the statutory procedure for assessing such costs as provided in Town Law article 15 (see, Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 281). It is noted that while the complaint does not specifically allege these procedural defects, the plaintiffs are permitted, if they be so advised, to seek leave of Special Term to amend their complaint to include such allegations (see, CPLR 3025).

In conclusion, we emphasize that to the extent that the plaintiffs' complaint can be interpreted as challenging the validity of the resolution passed by the defendant Town Board which established Sewer District No. 2, that challenge must fail as being untimely. Town Law § 209-g (2) provides that any interested party aggrieved by a resolution establishing a sewer district may seek review thereof by instituting a proceeding pursuant to CPLR article 78 "within thirty days from the date of the recording of the [resolution]". Similarly, plaintiffs had 30 days from the date of the filing of the resolution with the Town Clerk within which to file a petition seeking to subject the resolution to a permissive referendum (see, Town Law §§ 91, 209-e). Since the plaintiffs failed to timely seek a permissive referendum on the resolution or judicial review of the same in a proceeding pursuant to CPLR article 78, they are now precluded from challenging the validity of the resolution. Mollen, P. J., Lazer, Weinstein and Rubin, JJ., concur.