■ HELENE CRYSTAL, Individually and as Executrix of JE-ROME CRYSTAL, Deceased, Respondent, v GENERAL MOTORS CORP., et al., Appellants.—In a wrongful death action, the defendants separately appeal from so much of an order of the Supreme Court, Nassau County (Saladino, J.), dated October 18, 1988, as, upon renewal, granted the plaintiff's motion to restore the action to the Trial Calendar and vacated a prior order of the same court, dated June 7, 1988, dismissing the action for failure to prosecute.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to be paid by the plaintiff's attorney personally, the plaintiff's motion to restore the action to the Trial Calendar is denied, and the action is dismissed for failure to prosecute.

The bare and conclusory medical affidavit submitted by the plaintiff on her third attempt to have this case restored to the Trial Calendar was clearly insufficient to establish that the plaintiff has a meritorious cause of action. Specifically, the affiant fails to provide any support for his conclusion that a scratch the decedent incurred in October 1977 while attempt-

ing to exit his Cadillac was a substantial contributing factor to his developing malignant melanoma shortly thereafter and to his death in 1982 from a stroke. Moreover, the plaintiff has failed to establish a reasonable excuse for her delay in moving to restore the action to the Trial Calendar and in obtaining an affidavit of merits. Thus the court erred in restoring the case to the Trial Calendar and in vacating the order of dismissal that had been previously entered pursuant to CPLR 3404 (see, 22 NYCRR 202.21 [f]; *Balducci v Jason,* 133 AD2d 436; *Wulster v Rubinstein,* 126 AD2d 545). Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.