■ FRANK AND NORTH et al., Respondents, v SEYMOUR H. METNICK, Appellant.—Judgment, Supreme Court, New York County (Myriam Altman, J.), entered March 10, 1989, unanimously affirmed, with costs.

Appeal from an order of said court and Judge, entered March 2, 1989, which, upon reconsideration and reargument, *inter alia,* granted plaintiffs' motion for summary judgment, unanimously dismissed as superseded by the appeal from the judgment, without costs. Appeal from order of said court and said Judge, entered April 19, 1989, denying defendant's motion for reargument, unanimously dismissed as nonappealable, without costs.

Defendant retained plaintiffs to act as trial counsel in a medical malpractice action. The parties' written agreement provided for plaintiffs to receive a fee "for all legal services we shall render in this case", to be "payable upon the termination of this case either by settlement, compromise or verdict."

Defendant's theory of a novation or oral modification was neither pleaded as a defense nor timely asserted on the original application for summary judgment, so as to give plaintiffs an opportunity to respond. Moreover, defendant did not offer this theory at all in connection with plaintiffs' motion for reargument. Though defendant did offer this theory in connection with his motion for reargument of the order granting summary judgment, that motion was denied. Since denial of reargument is not appealable, this theory is not properly before the court.

It is undisputed that the individual plaintiff spent an adequate amount of time doing work in connection with the case. The written agreement is, therefore, enforceable. *(See, Oberman v Reilly,* 66 AD2d 686; *Jontow v Jontow,* 34 AD2d 744.) While defendant argues that plaintiff's work did not "contribute to the earning of the fee", neither the parties' agreement nor applicable case law requires such a showing. Concur— Ross, J. P., Asch, Milonas, Kassal and Smith, JJ. *[See,* 159 AD2d — (Mar. 27, 1990).]