3212 [b]). Indeed, at her examination before trial the appellant indicated that she had no knowledge of any conspiracy or agreement between the defendants to deprive her of her interest in the marital property. The appellant's unsubstantiated belief that a conspiracy occurred is insufficient to defeat the motion for summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557, 562).

While ethical considerations might be implicated by Wand's conduct in bringing an action against the appellant to recover legal fees for services rendered in connection with the matrimonial action before he was formally relieved by the court as her attorney of record, the appellant's complaint fails to set forth a sufficient cause of action against her former attorney Wand. In any event, we note that the appellant is collaterally estopped from asserting a claim for legal malpractice against Wand since it could have been raised in the prior action brought against her by Wand's firm in which she defaulted *(see, Boronow v Boronow,* 71 NY2d 284; *Silverman v Leucadia, Inc.,* 156 AD2d 442). The proper procedure to obtain relief from the default judgment entered in the action to recover legal fees was the one initially employed by the plaintiff; i.e., a motion pursuant to CPLR 5015 to vacate the default. The denial of that motion was previously affirmed by this court *(see, Shapiro, Sover & Wand v Catalano,* 99 AD2d 689). A plenary action may not be instituted to obtain such relief *(see, Rizzo v Ippolito,* 137 AD2d 511, 513).

The husband's failure to appeal from so much of the order dated March 7, 1989, as granted that branch of the appellant's motion which was to compel the husband to pay arrears in maintenance precludes our consideration of that issue (CPLR 5515).

We have reviewed the parties' remaining contentions and find them to be without merit. Mollen, P. J., Brown, Eiber and Rosenblatt, JJ., concur.

■ JUDY COLLAZO, an Infant, by Her Mother and Natural Guardian, MARIA COLLAZO, Respondent, v CATHOLIC MEDICAL CENTER OF BROOKLYN AND QUEENS, INC., Doing Business as MARY IMMACULATE HOSPITAL, et al., Defendants, and LOUIS MAZZOLA, Appellant.—

■ MARY CORCHIA, Respondent, v SHMUEL JUNIK, Appellant.

The plaintiff obtained a default judgment for $50,000 after the defendant had defaulted in appearing in the present action. By order to show cause dated June 6, 1988, the defendant moved to vacate this default judgment on two alternative grounds: (1) that the court lacked personal jurisdiction over him (CPLR 5015 [a] [4]), and (2) that any default on his part was excusable (CPLR 5015 [a] [1]; 317).

The former branch of the defendant's motion was supported by his own affidavit, in which he claimed that "I was never served with the summons and complaint [and] I never received any notice of an inquest". The plaintiff's affidavit of service stated that the summons and complaint had been delivered to a certain "Al Smith", allegedly a co-worker of the defendant, and that a copy had been mailed to the defendant's place of business. According to the defense counsel, the defendant knows of no person who matches the description of "Al Smith" provided in the process server's affidavit.

The defendant's motion was brought on by way of an order to show cause which contained a temporary stay of execution