■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SOLOMON KEFFORD, Appellant.—Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered on April 1, 1987, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Milonas, J. P., Rosenberger, Ellerin and Smith, JJ.

■ DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK, Respondent, v 220-222 EQUITIES, INC., Respondent, and ANDONIS MORFESIS, Appellant.—Order, Appellate Term of the Supreme Court, First Department, entered on June 3, 1988, which affirmed an order of the Civil Court, New York County (Lewis Friedman, J.), entered on March 31, 1987, unanimously affirmed for the reasons stated by Lewis Friedman, J., without costs and without disbursements. Concur—Kupferman, J. P., Ross, Milonas, Asch and Ellerin, JJ.

■ GERALD SABATH, Appellant, v LYNDA-SMITH, Also Known as LYNDA SABATH, Respondent.—Judgment, Supreme Court, New York County (Martin Stecher, J.), entered on October 12, 1988, unanimously affirmed for the reasons stated by Martin Stecher, J., without costs and without disbursements. Concur—Kupferman, J. P., Ross, Milonas, Asch and Ellerin, JJ.

■ FRANK AND NORTH et al., Respondents, v SEYMOUR H. METNICK, Appellant.—Motion granted only to extent of granting reargument and, upon reargument, the memorandum decision accompanying this court's order (157 AD2d 616) modified solely to extent of deleting last sentence of final full paragraph thereof, on its second page, and substituting therefor the following: "We reject defendant's contention that the individual plaintiff's labor did not contribute to the earning of the fee simply because the work consisted of trial preparation and the matter concluded with the clients' acceptance of a previously offered settlement. Neither the agreement nor applicable case law requires that we so narrowly construe what constitutes contribution to the earning of a legal fee." Concur—Ross, J. P., Asch, Milonas, Kassal and Smith, JJ.