■ GUILLERMO VARGAS et al., Appellants, v FLATBUSH PEST CONTROL, INC., Defendant and Third-Party Plaintiff-Respondent, and LEROY GILCHRIST et al., Respondents. CITY OF NEW YORK et al., Third-Party Defendants-Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated March 7, 1990, which denied their motion pursuant to CPLR 3404 to restore the action to the trial calendar.

Ordered that the order is affirmed, with one bill of costs.

The plaintiffs' bare and conclusory affidavit submitted in support of their third motion to restore that action to the trial calendar is clearly insufficient to establish that they have a meritorious cause of action. In particular, there is no support for their claim that the defendants were negligent or that they were injured as the result of any purported negligence. Moreover, the plaintiffs failed to offer any explanation for the default that led to the note of issue being vacated and failed to offer any satisfactory excuse for the delay in submitting a proper application to restore the case to the calendar. Accordingly, the court properly exercised its discretion in denying

the plaintiffs' motion *(see,* CPLR 3404; 22 NYCRR 202.21 [f]; *Collazo v Catholic Med. Center,* 158 AD2d 573; *Crystal v General Motors Corp.,* 157 AD2d 821; *Condro v Jhaveri,* 154 AD2d 646; *Sandoval v Sodano,* 147 AD2d 627).

Inasmuch as the plaintiffs' motion papers were clearly inadequate to award them the relief requested, any purported lateness in the service of the third-party defendant's opposition papers is immaterial. Moreover, we note that the plaintiffs failed to object to the lateness of these papers, nor did they request an adjournment to reply to them *(see, Ritacco v Town/Village of Harrison,* 105 AD2d 834). Since the plaintiffs concede in their brief that the defendant Flatbush Pest Control served its opposing papers seven days before the hearing date of the motion to restore the action to the trial calendar, their argument that those papers were untimely is without merit. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.