■ JUDAH FABRICS, INC., Appellant, v ZOOMERS, INC., Respondent. [598 NYS2d 700] —Order, Supreme Court, New York County (Carol E. Huff, J.), entered July 21, 1992, which denied petitioner's application to permanently stay arbitration, unanimously affirmed, without costs.

As pointed out in 8 Weinstein-Korn-Miller (NY Civ Prac ¶ 7502.15, citing an applicable decision by the Court of Appeals): "The rationale utilized by the courts in support of this position is that a contractual time limitation provision is simply another contractual provision which should be interpreted by the arbitrator like any other provision." Accordingly petitioner's arguments are without merit and the petition to stay arbitration was properly denied. Concur—Carro, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.

■ D.M.S., INC., et al., Respondents, v GILBERT SAMBERG, Individually and Doing Business as GBS REALTY Co., Appellant, et al., Defendants. [598 NYS2d 701] —Appeal from the order of the Supreme Court, New York County (Harold Tompkins, J.), entered October 2, 1992, denying defendant's motion denominated one to reargue and renew, is unanimously dismissed as non-appealable, without costs or disbursements.

Appeals from the prior order and judgment of the Supreme Court, New York County (Harold Tompkins, J.), entered June 25, 1992 and July 8, 1992, respectively, were dismissed as untimely in an order of this Court dated November 19, 1992. While a portion of appellant's motion ostensibly sought renewal, as the IAS Court found, appellant presented no new arguments upon the motion, and consequently, the motion was solely one for reargument. No appeal lies from a subsequent order of the Supreme Court denying a motion for reargument *(see, Frank & North v Metnick,* 157 AD2d 616, *mod* 159 AD2d 421, *lv denied* 76 NY2d 701).

In any event, were we to consider the merits of the appeal, we would affirm. We are satisfied that the plaintiffs met their burden of demonstrating that the partner who signed the guarantee had authority to bind the partnership to the obligation *(see, First Natl. Bank v Farson,* 226 NY 218, 225). Concur—Carro, J. P., Rosenberger, Ellerin and Asch, JJ.