■ LORRAINE KIMPEL, Appellant, v INCORPORATED VILLAGE OF ROCKVILLE CENTRE et al., Respondents. [620 NYS2d 293] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (DiPaola, J.), dated November 30, 1992, which denied her motion to restore the action to the trial calendar.

Ordered that the order is affirmed, with one bill of costs to

the respondents appearing separately and filing separate briefs.

Contrary to the plaintiff's contention, the court did not improvidently exercise its discretion in denying her motion to restore the case to the trial calendar. The plaintiff failed to demonstrate (1) a meritorious cause of action, (2) a reasonable cause for the delay, (3) a lack of intent to abandon the action, and (4) a lack of prejudice to the defendants by the delay in bringing the action to trial (see, Hewitt v Booth Mem. Med. Ctr., 178 AD2d 401; Egbert v Black & Decker, 208 AD2d 674; Vargas v Flatbush Pest Control, 178 AD2d 528).

We note that the plaintiff filed her motion to restore the action to the calendar a mere five days before the automatic dismissal pursuant to CPLR 3404 took effect. However, for a case to be restored to the calendar without a proper affidavit of merit and a reasonable excuse for the delay, an order of restoration must be entered within one year from the date it was marked off (see, Mamet v Mamet, 132 AD2d 479; Farmer v L. B. Smith, Inc., 52 AD2d 1068; Campbell v Puntoro, 36 AD2d 568). Thompson, J. P., Miller, O'Brien, Santucci and Joy, JJ., concur.