■ VINOD KUMAR et al., Appellants, v YONKERS CONTRACTING COMPANY, INC., et al., Respondents, et al., Defendants. [788 NYS2d 408]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated March 26, 2003, as, upon renewal and reargument, adhered to a prior determination of the same court dated November 15, 2002, denying their motion to vacate an order of the same court dated June 5, 2002, which granted the unopposed motions of the defendants Grace Industries, Inc., El Sol Contracting & Construction Corporation, doing business as Grace Industries, Inc./El Sol Contracting & Construction Corporation, a joint venture, and the defendant Rice Mohawk U.S. Construction Co., Ltd., to preclude them from offering evidence at trial, and granted the unopposed motion of the defendant Yonkers Contracting Co., Inc., to strike the complaint insofar as asserted against it on the ground that the plaintiffs failed to comply with court-ordered discovery.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

A party seeking to vacate a default must demonstrate both a reasonable excuse for the default and the existence of a meritorious claim or defense (*see* CPLR 5015 [a] [1]; *Svendsen v Professional Bus. Sys.*, 12 AD3d 588 [2004]; *Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393 [2004]); the movant must submit supporting facts in evidentiary form (*see Incorporated Vil. of Hempstead v Jablonsky*, 283 AD2d 553 [2001]). Upon renewal and reargument, the Supreme Court properly adhered to its prior determination denying the plaintiffs' motion to vacate an order granting two motions to preclude the plaintiffs from submitting evidence at trial and granting another motion to strike the complaint insofar as asserted against one defendant on the ground that the plaintiffs failed to comply with court-ordered discovery. The plaintiffs still failed to demonstrate a reasonable excuse for their default in complying with court-ordered discovery requests (*see MRI Enters. v Amanat*, 263 AD2d 530 [1999]) and also failed to proffer evidentiary facts demonstrating in an affidavit of merit a connection between the defendants' alleged negligence and the damages they sustained (*see Stewart v Tapps Supermarket*, 289 AD2d 561 [2001]; *Vargas v Flatbush Pest Control*, 178 AD2d 528 [1991]; *Crystal v General Motors Corp.*, 157 AD2d 821 [1990]).

We do not consider issues raised in connection with an order dated February 26, 2003, as the plaintiffs did not file a notice of

appeal from that order. Prudenti, P.J., Ritter, Fisher and Lifson, JJ., concur.