■ In the Matter of MARY E. CARRIERO et al., Appellants, v TOWN BOARD OF THE TOWN OF STILLWATER et al., Respondents. [838 NYS2d 243]—

Carpinello, J. Appeals (1) from a judgment of the Supreme Court (Ferradino, J.), entered March 3, 2006 in Saratoga County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as untimely, and (2) from an order of said court, entered September 27, 2006, which denied petitioners' motion to reargue.

Petitioners are residents of the Town of Stillwater, Saratoga County. On September 5, 2002, following a public hearing, respondent Town Board of the Town of Stillwater (hereinafter Board) adopted a resolution creating Water District No. 3 within which petitioners Mary Ellen Carriero and Olympia D'Amico reside. On July 19, 2004, following a public hearing, the Board adopted another resolution creating Water District No. 4 within which petitioners Walter Yankowski, Cathy Yankowski, John Volpe and Paula Volpe reside. After receiving tax bills in early January 2005 reflecting their respective water assessments, petitioners commenced this CPLR article 78 proceeding on March 18, 2005. After an unsuccessful motion to dismiss in lieu of answering, respondents answered and again moved to dismiss raising a number of grounds, including the timeliness of this proceeding. Supreme Court dismissed the petition on statute of limitations grounds. Petitioners' subsequent motion to reargue was denied, prompting this appeal from the judgment dismissing the petition and the order denying reargument.

Pursuant to Town Law § 209-g (1), within 10 days after the adoption of a town board's final order or determination establishing a water district, "[t]he town clerk shall cause a certified copy of the final order . . . to be duly recorded in the office of the clerk of the county in which the town is located." Moreover, pursuant to Town Law § 209-g (2), any person aggrieved by such order or determination must commence a CPLR article 78 proceeding "within [30] days from the date of [such] recording." Indeed, by pleading the 30-day statute of limitations prescribed by Town Law § 209-g (2), respondents raised an affirmative defense on which they bore the burden of proof (see e.g. Matter of Quantum Health Resources v DeBuono, 273 AD2d 730, 732 [2000], appeal dismissed 95 NY2d 927 [2000]).

Evidence submitted in support of respondents' postanswer motion to dismiss demonstrates that the Town Clerk, by letter dated September 20, 2002, sent certified copies of the resolution adopting Water District No. 3 to the Saratoga County Clerk and that the resolution was thereafter recorded on September 30, 2002. Thus, we are satisfied that respondents sufficiently demonstrated their entitlement to dismissal of this proceeding on statute of limitations grounds with respect to the challenge by Carriero and D'Amico to Water District No. 3 (see Town Law § 209-g [2]; Chiocchi v Town of Montgomery, 120 AD2d 479, 480 [1986]).

Respondents, however, failed to submit like evidence relative to Water District No. 4. Respondents did not submit a copy of any letter indicating that certified copies of the resolution adopting this water district were sent to the County Clerk (see Town Law § 209-g [1]) or proof that this resolution was actually recorded. In the absence of proof demonstrating that this resolution was recorded thus triggering the 30-day statute of limitations period prescribed by Town Law § 209-g (2), the proceeding should not have been dismissed as untimely with respect to the Yankowskis or Volpe (see Town Law § 209-g [2]).* The proceeding is therefore remitted to Supreme Court for consideration of the merits of these petitioners' claims.

Finally, we find that Supreme Court correctly found that all

---

* While petitioners submitted proof in support of their motion to reargue which conclusively established that the resolution creating Water District No. 4 was in fact *never* recorded, the denial of a motion to reargue is not appealable (see Matter of King v Town Council of Coxsackie, 35 AD3d 1120 [2006]; Matter of Hargett v Town of Ticonderoga, 25 AD3d 981, 981 n [2006]) and, therefore, this evidence is not properly before us (see Matter of McKelvey v White, 184 AD2d 834, 835 [1992]; see generally Collazo v Catholic Med. Ctr. of Brooklyn & Queens, 158 AD2d 573, 574 [1990]; Frank & North v Metnick, 157 AD2d 616 [1990], lv denied 76 NY2d 701 [1990]).

relevant statutory requirements of posting and publication were complied with by respondents (*see* Town Law § 209-d [1]), we reject any notion that actual notice of the public hearing was required (*see Matter of Segal v Town of Thompson*, 182 AD2d 1043, 1044-1045 [1992]) and we are further unpersuaded that the answer should have been stricken as a sanction for dilatory conduct.

Cardona, P.J., Peters, Spain and Rose, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the proceeding by petitioners Walter Yankowski, Cathy Yankowski, John Volpe and Paula Volpe as untimely; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. Ordered that the appeal from the order is dismissed, without costs.