OPINION OF THE COURT
Bernard Fuchs, J.
On March 4, 1983, Justice James H. Shaw ordered defendant to produce copies of X rays within 30 days after defendant’s receipt of payment of the hospital’s reproduction charges and to bill plaintiff for those charges within 60 days from notice that the order had been entered. Notice was served March 29,1983 that the order had been entered March 4,1983. Plaintiff, on July 12, 1983, moved to strike defendant’s answer for failure to comply with the March 4, 1983 order. The motion was granted on default January 4, 1984.
Defendant now moves to vacate the January 4, 1984 order pursuant to CPLR 5015 (subd [a], par 1). Defendant represents that diligent but unsuccessful efforts to locate plaintiff’s X rays have been in progress since the March 4, 1983 order was granted. Those efforts are still in progress but defendant cannot supply the X rays without finding *308 them. Vacatur of the order striking defendant’s answer is said to be justified because defendant’s failure to comply with the March 4, 1983 order was neither deliberate nor contumacious. And defendant’s default on the motion to strike the answer is claimed to have been caused by mere “law office failure.”
The specific failure which caused defendant’s misfortune was an inadvertent misfiling of plaintiff’s motion to strike its answer. The inadvertence allegedly resulted from “dire staffing conditions of this office during the summer.”
Law office failure need no longer be fatal to defendant’s application since the adoption of CPLR 2005. The failure, even now, however, is excusable only by an exercise of this court’s discretion. And defendant is by no means free from fault even on its own statement of the facts.
Having failed to locate the X rays within 60 days after notice that Justice Shaw’s March 4, 1983 order had been entered, defendant had an obligation at the least so to inform plaintiff. Acting correctly, defendant would have stipulated with plaintiff for more time to search or would have moved the court for the same relief. Instead, defendant left plaintiff to the justified inference from its silence that defendant had contumaciously disregarded Justice Shaw’s order.
Plaintiff then pursued its proper remedy, the order to strike defendant’s answer. The law office failure which led to defendant’s default on the motion for that order arose from an even more significant failure — one of professional ethics. When “dire staffing conditions” cause a default, counsel has accepted more business than he is equipped to handle. “Employment should not be accepted by a lawyer who is unable to render competent service” (Code of Professional Responsibility, EC 2-30).
The court has not failed to observe that defense counsel in this case is New York City’s Corporation Counsel. Undoubtedly, it is more difficult for such an attorney than for others to limit his business intake to the level of his professional and clerical capacity. It is, nevertheless, inadmissible to maintain separate ethical standards for different classes of lawyers and defense counsel must somehow meet his ethical obligations.
*309 Defense counsel’s misconduct has imposed upon plaintiff’s counsel a long delay in the prosecution of its case, the labor of plaintiff’s motion to strike the answer and of plaintiff’s response to the present motion to vacate this court’s order. Denial of defendant’s motion would impose a sanction out of proportion to its default, but defense counsel should at least compensate plaintiff’s attorney for the wasted labor he has caused.
The motion is granted on condition that defense counsel pay plaintiff’s counsel $400 from Corporation Counsel’s budget, without reimbursement from any other source, within 60 days after notice to defendant of the entry of this order (whether or not that notice is misfiled); otherwise the motion is denied.
Defendant is directed to continue its search for the X rays until all possibilities of finding them have been exhausted. The court observes that the sanctions of CPLR 3126 for willful failure to disclose information remain available on plaintiff’s motion.