■ CRAIG L. DARRELL, Respondent, v MARIANNE YURCHUK, Appellant, et al., Defendant.—In a negligence action to recover damages for personal injuries, etc., the defendant Marianne Yurchuk appeals from an order of the Supreme Court, Westchester County (Wood, J.), entered December 20, 1989, which, *inter alia,* granted the plaintiff's motion to vacate his default in complying with a prior conditional order of preclusion and granted him leave to serve a late bill of particulars.

Ordered that the order is affirmed, with costs.

"Public policy favors a determination on the merits * * * and the sound discretion of Special Term is to be given some latitude in determining what is an excusable default" *(Krystofic v Rapisardi,* 112 AD2d 196, 197; *see also, Sawh v Bridges,* 120 AD2d 74, 77-78). While it is true that the delay in serving a bill of particulars was lengthy (approximately two years), under the particular circumstances of this case it was not an improvident exercise of discretion to relieve the plaintiff of his default *(see, Davis v Sapa,* 107 AD2d 1005; *Batista v St. Luke's Hosp.,* 46 AD2d 806). The plaintiff established a reasonable excuse for the delay *(see, Juers v Barry,* 114 AD2d 1009; *Davis v Sapa, supra),* and the verified bill of particulars indicated the merits of the action *(see, Wilenski v Auricchio Monuments,* 102 AD2d 824). Moreover, we note from the record herein that the appellant was not prejudiced by the delay and that there is no indication that the plaintiff ever intended to abandon the action *(see, Wilenski v Auricchio Monuments, supra; Batista v St. Luke's Hosp., supra).*

We have considered the appellant's remaining contentions and find them to be without merit. Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.