■ LAVERNE CHERRY, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—In an action to recover damages for wrongful eviction, the defendant appeals from an order of the Supreme Court, Kings County (Dowd, J.), entered May 21, 1990, which denied the defendant's motion for a final order of preclusion and for summary judgment dismissing the complaint.

Ordered that the order is modified, by adding a provision thereto directing the plaintiff to provide the defendant with signed medical authorizations for release of the records of her medical treatment subsequent to the alleged wrongful eviction, including the records of her treatment at the Family Care Clinic of Mary Immaculate Hospital; as so modified, the order is affirmed, without costs or disbursements; the plaintiff's time to provide the medical authorizations is extended until 60 days after service upon her of a copy of this decision and order, with notice of entry.

Contrary to the defendant's argument, we find that the Supreme Court did not improvidently exercise its discretion when it excused the plaintiff's four-month delay in complying with a conditional order of preclusion *(see, Wilenski v Auricchio Monuments,* 102 AD2d 824; *Batista v St. Luke's Hosp.,* 46 AD2d 806). The plaintiff established a reasonable excuse for the delay and the verified pleadings, together with the copy of the record of the plaintiff's rental payments, established the meritorious nature of the action *(see, Darrell v Yurchuk,* 174 AD2d 557). However, since the plaintiff alleges that she needed medical treatment as a result of the wrongful eviction, and was in fact hospitalized, the defendant is entitled to signed authorizations to obtain her medical records. The order appealed from has been amended accordingly. Sullivan, J. P., Balletta, Eiber and O'Brien, JJ., concur.