■ FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF ROCHESTER, Respondent, v LAWRENCE P. O'DALY et al., Appellants, et al., Defendants. [607 NYS2d 962] —In an action to foreclose a mortgage, the defendants Lawrence P. O'Daly and American Promotion Group, Inc. appeal, (1) as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated January 16, 1991, as granted the plaintiff's motion to vacate its default in complying with prior orders of the same court by furnishing them with the statement of account specified in the prior orders, (2) as limited by their brief, from so much of an order of the same court (Henry, J.), dated April 7, 1992, as is in favor of the plaintiff in the principal sum of $234,750, and (3) as limited by their brief, from so much of a judgment of the same court (Henry, J.), entered May 12, 1992, as is in favor of the plaintiff and against them in the principal sum of $262,788.50.

Ordered that the appeals from the orders dated January 16, 1991, and April 7, 1992, are dismissed, without costs or disbursements, as those orders were superseded by the judgment entered May 12, 1992; and it is further,

Ordered that the judgment entered May 12, 1992, is affirmed insofar as appealed from, without costs or disbursements.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the orders are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

We find that the court did not improvidently exercise its discretion in vacating the plaintiff's default in complying with its prior orders. A motion to vacate a default resulting from law office failure may be made pursuant to CPLR 2005. While that section provides that the application must satisfy the requirements of CPLR 3012 (b) or CPLR 5015 (a), the applica-

tion is primarily addressed to the discretion of the court *(see,* CPLR 2005; *De Vito v Marine Midland Bank,* 100 AD2d 530).

The hearing court in the present case properly vacated the default. The plaintiff demonstrated a good faith intent to prosecute the action *(see, Zaldua v Metropolitan Suburban Bus Auth.,* 97 AD2d 842); the defendants were not prejudiced by the delay *(see, Stolpiec v Wiener,* 100 AD2d 931; *Maze v Di Bartolo,* 97 AD2d 815); and denial of the motion would have resulted in the imposition of a sanction on the plaintiff which was out of proportion to the default of the plaintiff's attorney (i.e., the loss of over $137,000) *(see, Venable v New York City Health & Hosps. Corp.,* 125 Misc 2d 307). We note that the court, in vacating the default, imposed an appropriate sanction on the plaintiff's attorney, who was solely responsible for the delay.

The appellants' contention that the motion should have been presented to the same Judge, pursuant to CPLR 2221, is meritless. Justice Baisley did not err in vacating the prior order of Justice Namm since CPLR 2221 (1) provides, in pertinent part, that "if the order was made upon a default such motion may be made * * * to any judge of the court." Here, the order sought to be vacated resulted from the default of the plaintiff's attorney *(see, Claudio v Lefrak,* 100 AD2d 837; *Conklin v Conklin,* 90 AD2d 817).

We have considered the defendants' remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, Copertino and Hart, JJ., concur.