(April 11, 1994)

■ ASC MANAGEMENT CORP., Respondent, v UTICA MUTUAL INSURANCE COMPANY, Appellant. [612 NYS2d 920] —In an action to recover under an insurance policy, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated May 11, 1992, as denied its motion for an unconditional order of preclusion and for summary judgment.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements, on condition that the plaintiff's attorneys personally pay the defendant's attorneys the sum of $1,000 within 20 days after service upon the plaintiff's attorneys of a copy of this decision and order, with notice of entry; and it is further,

Ordered that in the event the plaintiff's attorneys fail to pay the $1,000, the plaintiff is granted 20 days after service upon it of a copy of this decision and order, with notice of entry, to pay the defendant's attorneys the sum of $1,000; and it is further,

Ordered that in the event that the $1,000 still remains unpaid, 20 days after service upon the plaintiff's attorneys and 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, then the order is reversed insofar as appealed from, with costs, the defendant's motion is granted, and the complaint is dismissed.

The defendant contends that the Supreme Court erred in denying its motion for an unconditional order of preclusion and summary judgment based upon the plaintiff's failure to comply with a conditional order of preclusion. We disagree. The record suggests that the plaintiff's cause of action may have merit (see, Richardson v Martorano, 184 AD2d 557; Darrell v Yurchuk, 174 AD2d 557), and there is no indication that the defendant was prejudiced by the delay, or that the plaintiff intended to abandon the action (see, Richardson v Martorano, supra; Darrell v Yurchuk, supra). Under these circumstances, and in view of the public policy in favor of resolving cases on the merits, the Supreme Court did not improvidently exercise its discretion in excusing the plaintiff's default (see, Albin v First Nationwide Network Mtge. Co., 188 AD2d 575; Cherry v New York City Hous. Auth., 183 AD2d 693; Glen Travel Plaza v Anderson Equip. Corp., 122 AD2d 327).

However, we find that the failure of the plaintiff's attorneys

to promptly respond to the defendant's discovery demands should not be condoned, and accordingly, that the imposition of a monetary sanction is appropriate *(see, Albin v First Nationwide Network Mtge. Co., supra)*. Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.