■ ISRAEL MINDICK, Respondent, v CERTIFIED LUMBER CORP. et al., Appellants. [614 NYS2d 154] —In an action to recover damages for breach of a mortgage brokerage agreement, the defendants appeal from an order of the Supreme Court, Rockland County (Meehan, J.), dated March 11, 1992, which denied their motion for leave to vacate a judgment of the same court entered December 24, 1991, upon their default in failing to appear at a scheduled court conference.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, the defendants' motion is granted, and the judgment is vacated, on condition that the defendants personally pay a total of $500 to the plaintiff within 20 days after service upon him of a copy of this decision and order, with notice of entry; in the event that the condition is not complied with, the order is affirmed, with costs.

Considering the absence of prejudice to the plaintiff, the existence of a meritorious defense, the diligence with which the motion to vacate the default was made, particularly in view of the plaintiff's delay in restoring the matter, which was commenced in 1981, to the trial calendar, as a matter of discretion the default should be excused *(see, Albin v First Nationwide Network Mtge. Co.,* 188 AD2d 575; *Fox v Bicanic,* 163 AD2d 272). However, given the defendants' failure to appear at a scheduled conference at which the plaintiff's request for leave to enter a default judgment was to be entertained, the imposition of money sanctions is appropriate

*(see, Albin v First Nationwide Network Mtge. Co., supra).* Miller, J. P., Lawrence, Altman and Krausman, JJ., concur.