■ ROBERT LOPEZ et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Defendant and Third-Party Plaintiff-Appellant. LOWY & DONNATH, INC., Third-Party Defendant-Respondent. [614 NYS2d 282] —In an action to recover damages for personal injuries, etc., the defendant New York City Transit Authority appeals from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated August 7, 1992, as granted the plaintiffs' motion to vacate a prior order of the same court, dated April 6, 1992, dismissing the complaint upon the plaintiffs' default in opposing the defendant's cross motion to dismiss, and restored the action to the trial calendar.

Ordered that the order is affirmed insofar as appealed from, without costs and disbursements, upon the condition that the plaintiffs' attorneys personally pay the defendant's attorneys the sum of $1,000 within 20 days after service upon the plaintiffs' attorneys of a copy of this decision and order, with notice of entry; and it is further,

Ordered that in the event the plaintiffs' attorneys fail to pay the $1,000, the plaintiffs are granted an additional 20 days after service upon them of a copy of this decision and order, with notice of entry, to pay the defendant's attorneys the sum of $1,000; and it is further,

Ordered that in the event that the $1,000 still remains unpaid 20 days after service upon the plaintiffs' attorneys and 20 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, then the order is reversed insofar as appealed from, with costs to the defendant payable by the plaintiffs, and the plaintiffs' motion to vacate the order dated April 6, 1992, dismissing the complaint is denied.

We find that the Supreme Court properly granted the plaintiffs' motion to vacate their default in opposing the defendant's cross motion to dismiss the complaint. The plaintiffs promptly moved to vacate their default, and have demonstrated a good faith intent to prosecute the action *(see, First Fed. Sav. & Loan Assn. v O'Daly,* 201 AD2d 532). Moreover, there is no indication that the defendant was prejudiced by

the delay, and the plaintiffs sufficiently demonstrated that their cause of action may have merit *(see, Salch v Paratore,* 60 NY2d 851). Under these circumstances, and in view of the public policy in favor of resolving cases on their merits, we decline to disturb the court's exercise of its discretion *(see, ASC Mgt. Corp. v Utica Mut. Ins. Co.,* 203 AD2d 312; *Albin v First Nationwide Network Mtge. Co.,* 188 AD2d 575; *Richardson v Martorano,* 184 AD2d 557).

However, we find that the imposition of a monetary sanction upon the plaintiffs' attorneys is appropriate *(see, First Fed. Sav. & Loan Assn. v O'Daly, supra; Albin v First Nationwide Network Mtge. Co., supra).*

We have examined the defendant's remaining contentions, and find that they are without merit. O'Brien, J. P., Ritter, Santucci and Krausman, JJ., concur.