BERNARD J. COVEN, Appellant, v TRUST COMPANY OF NEW JERSEY et al., Respondents, et al., Defendant. [639 NYS2d 95]

We find that the Supreme Court did not improvidently exercise its discretion in granting the respondents' motion to vacate their default in answering the plaintiff's recommenced action. The respondents actively litigated the earlier action and promptly moved to vacate their default. They presented a sufficient affidavit of merits and demonstrated a good faith intent to defend the action (see, First Fed. Sav. & Loan Assn. v O'Daly, 201 AD2d 532; Lopez v New York City Tr. Auth., 205 AD2d 504; see also, Siegel, NY Prac, § 427, at 651 [2d ed]). Moreover, the record indicates that the plaintiffs were not prejudiced by the delay. In light of these circumstances and in view of the public policy in favor of resolving cases on their merits, we decline to disturb the court's exercise of its discretion (see, ASC Mgt. Corp. v Utica Mut. Ins. Co., 203 AD2d 312). However, an order relieving a party from a default may be conditioned on payment of costs pursuant to CPLR 5015 (a) (see, Gabrelian v Gabrelian, 108 AD2d 445, 447). Under the circumstances of this case, and in an exercise of our discretion, we conclude that the imposition of costs of $2,500 is appropriate as a condition for vacatur of the judgment entered June 28, 1995, made upon the default of the respondents' attorneys in appearing at an inquest.

The plaintiff's remaining contentions are either academic or without merit.

Finally, we find, as a matter of law, that the respondents' Statute of Limitations defense is without merit. Rosenblatt, J. P., O'Brien, Ritter and Goldstein, JJ., concur.