■ LOUIS CHIAFFARANO, Appellant, v JOSEPH WINSTON et al., Respondents, et al., Defendant. [651 NYS2d 868] —In an action, inter alia, to recover damages for breach of fiduciary obligations and fraud, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), entered December 28, 1995, which, upon an order granting the respec-

tive motions of the defendants Winston & Winston, Joseph Winston and Allan Winston, and the defendants Genesee Falls, Ltd., and Modern Holding Co. to dismiss the complaint for failure to serve it pursuant to CPLR 3012 (b), dismissed the complaint. The plaintiff's notice of appeal from the order entered December 11, 1995, is deemed a premature notice of appeal from the judgment (see, CPLR 5520 [c]). Justice Friedmann has been substituted for the late Justice Hart (22 NYCRR 670.1 [c]).

Ordered that the judgment is reversed, as a matter of discretion, without costs or disbursements, the order entered December 11, 1995, is vacated, the respondents' motions are denied, and the complaint is deemed served upon the respondents, on condition that the plaintiff's attorneys personally pay the sum of (1) $1,500 to the firm of Winston & Winston as attorneys for the defendants Genesee Falls, Ltd. and Modern Holding Co. and (2) $1,500 to Joseph A. Miller III as attorney for the defendants Winston & Winston, Joseph Winston, and Allan Winston, within 20 days after service upon them of a copy of this decision and order, with notice of entry; in the event that this condition is not complied with, the plaintiff may, within 20 days after the time for his attorneys to make the payments expires, make the payments in satisfaction of the condition; in the event the condition is not complied with, then the order is affirmed, with one bill of costs to the respondents payable by the appellant.

To successfully resist a motion to dismiss for failure to serve a complaint pursuant to CPLR 3012 (b), a plaintiff must generally demonstrate that his action is meritorious and that he has a reasonable excuse for failing to serve a timely complaint (see, Innerarity v County of Westchester, 144 AD2d 645; see also, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3012:12, at 658). To show merit the plaintiff must demonstrate the existence of such issues of fact as would suffice to defeat a motion for summary judgment (see, Innerarity v County of Westchester, 144 AD2d 645, supra; Luksic v Killmer, 100 AD2d 864).

In this case the Supreme Court improvidently exercised its discretion in dismissing the plaintiff's action based upon its unexplained conclusion that it was meritless. The plaintiff's factually detailed, verified complaint sufficed to demonstrate the merit of his claims (see, Salch v Paratore, 60 NY2d 851; Lopez v New York City Tr. Auth., 205 AD2d 504; Pollack v Eskander, 191 AD2d 1022; Lisojo v Phillip, 188 AD2d 369) and demonstrated the existence of numerous issues of fact. Con-

trary to the respondents' contentions, on the record at bar we cannot conclude as a matter of law that the plaintiff's claims are barred by res judicata and/or collateral estoppel. Moreover, the plaintiff's delay in serving his complaint was not excessive *(see, Skrabalak v Rock,* 175 AD2d 976; *Wells v Chrysler Motor Corp.,* 36 AD2d 834; *Lehigh Val. R. R. Co. v North Am. Van Lines,* 25 AD2d 923) and he clearly did not intend to abandon his claims. Accordingly, subject to the respondents being compensated for additional expenses occasioned by the plaintiff's failure to timely serve the complaint *(see, Coven v Trust Co.,* 225 AD2d 576; *Lopez v New York City Tr. Auth., supra)* their motions to dismiss should have been denied.

We have reviewed the respondents' remaining contentions and find them to be without merit. Miller, J. P., Altman, Friedmann and Goldstein, JJ., concur.