■ GEORGE ZOLNA, Appellant, v JOHN J. LUPINO, Respondent. [676 NYS2d 483] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Murphy, J.), dated July 2, 1997, which denied his motion to vacate his default in appearing at various conferences as ordered by the court.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, and the plaintiff's motion is granted on condition that the plaintiff's attorney personally pay to the defendant's attorneys the sum of $1,000 within 20 days after service upon them of a copy of this decision and order, with notice of entry; in the event that condition is not complied with, then the order is affirmed, with costs to the defendant.

The plaintiff promptly moved to vacate his default in appearing at various conferences ordered by the court, the defendant has not alleged that the delay occasioned by the default resulted in any prejudice to him, and the plaintiff has sufficiently demonstrated a reasonable excuse and that his cause of action may have merit. Under these circumstances, and in view of the public policy in favor of resolving disputes on their merits, the default should be excused as a matter of discretion (*see, Classie v Stratton Oakmont,* 236 AD2d 505; *Mindick v Certified Lbr. Corp.,* 204 AD2d 285). However, we find that the imposition of a monetary sanction upon the plaintiff's attorney is appropriate (*see, Lopez v New York City Tr. Auth.,* 205 AD2d 504). Rosenblatt, J. P., Miller, Ritter and Goldstein, JJ., concur.