■ Levy Williams Construction Corp., Respondent, v United States Fire Insurance Company et al., Appellants. [721 NYS2d 376] —In an action, *inter alia*, to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Westchester County (DiBlasi, J.), entered February 2, 2000, which denied their motion to vacate a judgment entered August 5, 1999, upon their default in appearing at a preliminary conference and (2) an order of the same court entered May 18, 2000, which denied their motion for leave to renew and reargue.

Ordered that the appeal from so much of the order entered May 18, 2000, as denied that branch of the defendants' motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered February 2, 2000, is reversed, on the law, without costs or disbursements, and the defendants' motion to vacate the judgment entered August 5, 1999, is granted on condition that the defendants' counsel personally pay the sum of $5,000 to the plaintiff within 60 days after service upon them of a copy of this decision and order, with notice of entry; in the event that the condition is not complied with,

the order entered February 2, 2000, is affirmed, with costs; and it is further,

Ordered that the appeal from so much of the order entered May 18, 2000, as denied that branch of the defendants' motion which was for leave to renew is dismissed as academic, without costs or disbursements.

On August 25, 1998, the plaintiff served a notice for discovery and inspection on the defendants' counsel. Thereafter, the defendants' counsel appeared at two preliminary conferences in this matter on November 5, 1998, and February 26, 1999, at which the parties agreed to amended discovery schedules and dates for responding to the pleadings.

The February 26, 1999, preliminary conference order set June 24, 1999, as the date for the next preliminary conference. The defendants' counsel missed the June 24, 1999, conference in this matter due to law office failure, but attended a July 16, 1999, conference in a related action pending in Westchester County. When the defendants' counsel failed to appear at the June 24th conference, the court struck the answers and, on August 5, 1999, entered judgment in favor of the plaintiff and against the defendants for the amount stated in the complaint.

The defendants moved to vacate their default and reinstate their answers on the ground that they had a meritorious defense and their failure to appear was due to law office failure. The court denied the defendants' motion, finding that while the defendants demonstrated the existence of a meritorious defense, they failed to show a reasonable excuse for their failure to appear. We reverse.

While the determination as to what constitutes a reasonable excuse for a default is generally within the sound discretion of the trial court, reversal is warranted where the trial court improvidently exercises its discretion. Here, the record does not show a pattern of willful default and neglect. On the contrary, the defendants' counsel responded to the pleadings and the plaintiff's demands and appeared for at least two conferences in this matter and one conference in a related matter. Counsel's failure to attend the June 24, 1999, conference was not willful but rather was due to law office failure. Under these circumstances, the court improvidently exercised its discretion in denying the defendants' motion to vacate the default judgment (*see, First Fed. Sav. & Loan Assn. v O'Daly,* 201 AD2d 532; *cf., Roussodimou v Zafiriadis,* 238 AD2d 568).

However, we find that it is appropriate to direct the defendants' counsel to personally pay the sum of $5,000 to the plaintiff to cover its extra expenses due to the default (*see,*

CPLR 5015; *First Fed. Sav. & Loan Assn. v O'Daly, supra*). Goldstein, J. P., Florio, Luciano and H. Miller, JJ., concur.