Patouhas v Patouhas (2019 NY Slip Op 03978)





Patouhas v Patouhas


2019 NY Slip Op 03978


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-07975
 (Index No. 52354/16)

[*1]Christine Patouhas, respondent,
v
Philip Patouhas, appellant.


Philip Patouhas, Rye, NY, appellant pro se.
The Kitson Law Firm, PLLC, White Plains, NY (Ellen Werfel Martineau of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Westchester County (Linda Christopher, J.), dated June 22, 2016. The order denied the defendant's motion pursuant to CPLR 3012(b) to dismiss the action for failure to serve a complaint.
ORDERED that the order is affirmed; and it is further,
ORDERED that on the Court's own motion, the parties are directed to show cause why an order should or should not be made and entered imposing sanctions and/or costs, if any, including appellate counsel fees, against the defendant pursuant to 22 NYCRR 130-1.1(c) as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue, including the amounts of legal fees incurred by the plaintiff in connection with this appeal, in the office of the Clerk of this Court and serving one copy of the same on each other on or before June 21, 2019; and it is further,
ORDERED that the Clerk of this Court, or her designee, is directed to serve the respective parties with a copy of this decision and order by regular mail; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action for a divorce and ancillary relief on March 1, 2016, by service of a summons with notice upon the defendant. The summons with notice set forth
that the nature of the action was to dissolve the marriage pursuant to Domestic Relations Law § 170(7) on the ground of irretrievable breakdown of the marriage for a period of at least six months, as well as the relief sought. In a notice of appearance dated March 10, 2016, the defendant "demand[ed] a copy of the Complaint and all papers in this action be served upon [him]" at the address provided. In a letter dated April 1, 2016, counsel for the plaintiff acknowledged receipt of the notice of appearance, noted that the parties had engaged in discussions concerning a resolution of the matter, and requested certain disclosure.
Thereafter, the defendant moved by notice of motion dated April 20, 2016, to dismiss the action based upon the plaintiff's failure to serve a complaint in accordance with CPLR 3012(b). On April 26, 2016, the defendant was served with a verified complaint. In an order dated June 22, 2016, the Supreme Court denied the defendant's motion and deemed the complaint timely served [*2]on the basis that the short delay was not willful, was a result of settlement negotiations, and did not prejudice the defendant and that the plaintiff demonstrated a meritorious cause of action. The defendant appeals.
To successfully defend against a motion to dismiss for failure to serve a complaint pursuant to CPLR 3012(b), a plaintiff must generally demonstrate that his or her action is potentially meritorious and that he or she has a reasonable excuse for failing to serve a timely complaint (see Savino v Savino, 43 AD3d 1029; Chiaffarano v Winston, 234 AD2d 329, 330; see also Genzone v Genzone, 146 AD3d 752, 753).
Here, the Supreme Court providently exercised its discretion in concluding that the delay caused by settlement negotiations was reasonable since the settlement discussions were undertaken in good faith and the delay was of a short duration (see Gibbons v Court Officers' Benevolent Assn. of Nassau County, 78 AD3d 654, 655; Chiaffarano v Winston, 234 AD2d at 330). In addition, the plaintiff's submission of a verified complaint was "sufficient to satisfy the requirement to demonstrate a [potentially] meritorious cause of action" (Savino v Savino, 43 AD3d at 1029; see Gibbons v Court Officers' Benevolent Assn. of Nassau County, 78 AD3d at 655; Chiaffarano v Winston, 234 AD2d at 330). Accordingly, we agree with the court's denial of the defendant's motion to dismiss the action due to the plaintiff's failure to serve the complaint in accordance with the time constraints contained in CPLR 3012(b) (see Savino v Savino, 43 AD3d at 1029; Chiaffarano v Winston, 234 AD2d at 330; see also Gibbons v Court Officers' Benevolent Assn. of Nassau County, 78 AD3d at 655).
In addition, since the defendant has raised arguments on this appeal that appear to be "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification, or reversal of existing law" (22 NYCRR 130-1.1[c][1]), the appeal may be frivolous (see Curet v DeKalb Realty, LLC, 127 AD3d 914, 916; Caplan v Tofel, 65 AD3d 1180, 1181-1182). Accordingly, we direct the submission of affirmations or affidavits on the issue of whether, and in what amount, costs or sanctions in connection with this appeal should or should not be imposed on the defendant.
DILLON, J.P., CHAMBERS, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court