■ NATIONAL ENTERPRISES INCORPORATED, Appellant, v MORTON CERTILMAN, Respondent. [651 NYS2d 173] —In an action to recover on an instrument for the payment of money only commenced by service of a notice of motion in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Robbins, J.), entered December 21, 1995, which granted the defendant's cross motion for summary judgment to dismiss the action upon the plaintiff's default in opposing the cross motion, and (2) an order of the same court (Bucaria, J.), entered May 16, 1996, which denied its motion denominated as one to "renew and reargue", which was, in effect, to vacate the default.

Ordered that the appeal from the order entered December 21, 1995, is dismissed, as no appeal lies from an order made upon the default of the aggrieved party (see, CPLR 5511); and it is further,

Ordered that the order entered May 16, 1996, is reversed, as

a matter of discretion, the plaintiff's motion, in effect, to vacate its default is granted, the order entered December 21, 1995, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff commenced this action by motion for summary judgment in lieu of complaint (see, CPLR 3213) to recover on a promissory note. This motion was improperly noticed pursuant to CPLR 3213 and 320 (a). Accordingly, the plaintiff voluntarily withdrew the motion, and was advised by the court's law secretary to re-serve the motion. In the meantime, the defendant cross-moved for summary judgment, claiming that he had been released from his obligations on the note. The claim that the defendant was released from his obligations on the note was based on the claim that the note at issue actually arose as a fee for the renewal of another note which was subsequently satisfied. The defendant claimed that with the satisfaction of this other note, there was a general release of all claims by all parties. The defendant therefore claims that the note at issue was also satisfied. In response to the cross motion, the plaintiff submitted a memorandum of law, which requested that the matter be adjourned so that the court could consider the defendant's cross motion along with its re-served motion for summary judgment. However, the court granted the defendant's cross motion finding that the plaintiff did not oppose the cross motion. The court thereafter denied the plaintiff's motion denominated as one to "renew and reargue", which was, in effect, to vacate the default.

It was error for the court to grant summary judgment to the defendant, and to deny the plaintiff's motion to, in effect, vacate its default in opposing the defendant's cross motion. The plaintiff properly relied upon the court's representation that it would be able to re-serve its motion and have it fully considered. Thus, any default by the plaintiff in responding to the defendant's cross motion was excusable (see, CPLR 5015 [a] [1]). Accordingly, the matter should be remitted to the Supreme Court, Nassau County, to consider the plaintiffs' motion and for a de novo determination of the defendant's cross motion. Rosenblatt, J. P., Thompson, Santucci and Altman, JJ., concur.