OPINION OF THE COURT
George B. Ceresia, Jr., J.
Plaintiff commenced the above-captioned action to foreclose a mortgage allegedly given by defendants. Defendant Elizabeth Goldman served an answer consisting of a general denial and containing a single affirmative defense, lack of personal juris *894 diction. On January 12, 1999 plaintiff made a motion for summary judgment pursuant to CPLR 3212. The court denied the motion in a decision-order dated May 26, 1999 upon a finding that plaintiff failed to establish its corporate status.* On the prior motion, plaintiff submitted the affidavit of Terry L. Dodd, plaintiffs Assistant Vice-President, who indicated that he knew plaintiff to be a corporation and that this was “a matter of public record.” The court found this averment, standing alone, to be nonprobative and conclusory.
Plaintiff has now made a motion to renew and/or reargue the prior motion for summary judgment. In support of the motion, plaintiff has submitted documentation from the New York Secretary of State to establish that plaintiff has been chartered by special act of the State Legislature as a savings bank and is currently active.
In opposition to the motion, defendant Elizabeth Goldman argues that the motion is one to reargue, not to renew, since no new facts are presented, and that as a motion to reargue it is untimely. Defendant further maintains that even if treated as a motion to renew, the motion is defective in that plaintiff has not presented a reasonable excuse for its failure to submit the evidence of corporate status on its original motion.
In addition, defendant argues that the motion to reargue and/or renew is defective in that plaintiff did not annex a copy of the original summary judgment motion papers to its motion to renew/reargue. A copy of the original summary judgment motion papers has been submitted to the court as a part of plaintiff’s reply affirmation. In view of the absence of any claim on the part of defendant of surprise or prejudice, the court finds that this latter submission is sufficient to cure the alleged defect.
A motion to reargue, directed to the sound discretion of the court, must demonstrate that the court overlooked, misapplied or misapprehended the relevant facts or law (see, CPLR 2221 [d] [2]; Spa Realty Assocs. v Springs Assocs., 213 AD2d 781, 783 [3d Dept 1995]; Grassel v Albany Med. Ctr. Hosp., 223 AD2d 803 [3d Dept 1996]). Its purpose is not to serve as a vehicle to permit the unsuccessful party to argue once again the very questions previously decided (see, Foley v Roche, 68 AD2d 558, 567 [1st Dept 1979], lv denied 56 NY2d 507). A motion to renew must be based upon facts not offered on the prior motion *895 that would change the prior determination (see, CPLR 2221 [e] [2]; Spa Realty Assocs. v Springs Assocs., supra, at 783; Grassel v Albany Med. Ctr. Hosp., supra, at 804), or upon a demonstration that there has been a change in the law that would change the prior determination (see, CPLR 2221 [e] [2]). It must also demonstrate a reasonable justification for not placing such new facts before the court on the original application (see, CPLR 2221 [e] [3]; see also, Spa Realty Assocs. v Springs Assocs., supra, at 783-784; Grassel v Albany Med. Ctr. Hosp., supra, at 804; Matter of Barnes v State of New York, 159 AD2d 753, 754 [3d Dept 1990]).
The court is of the view that because new evidence has been submitted on the instant motion it must be deemed a motion to renew rather than one to reargue (see, CPLR 2221 [d] [2]; [e] [2]). The court agrees with defendant that plaintiff has not presented what the court would view as reasonable justification for not producing this evidence on the initial motion.
Although as noted, a motion to renew ordinarily must be supported by reasonable justification with regard to why the new facts were not presented on the initial application, prior to July 20, 1999 there was some authority for the proposition that a reasonable excuse was not always required (see, e.g., Canzoneri v Wigand Corp., 168 AD2d 593, 594 [2d Dept 1990]; Menconeri v Professional Auto Transp., 223 AD2d 915, 916 [3d Dept 1996]). Effective July 20, 1999, however, CPLR 2221 was amended (L 1999, ch 281) to codify the general rule as stated in existing case law with respect to motions to reargue and renew.
CPLR 2221 (e) recites as follows:
“(e) A motion for leave to renew:
“1. shall be identified specifically as such;
“2. shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and
“3. shall contain reasonable justification for the failure to present such facts on the prior motion.” (Emphasis added; see also, Siegel, 1999 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2221:9, 1999-2000 Interim Pocket Part, at 33.)
Notably, and notwithstanding the case law exceptions to the general rule, the Legislature, in its codification, did not specify or recognize any exceptions to the general rule.
*896 In this instance, plaintiff has not advanced any argument to support a claim of reasonable justification for the failure to present the facts on the prior motion. Under the circumstances, in view of the mandatory language of CPLR 2221 (e) (3), the court is constrained to deny the motion to renew.
Accordingly it is ordered that plaintiffs motion to renew its motion for summary judgment is denied.

 Defendant made specific objection to this in her papers in opposition to the motion.