■ PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK et al., Appellants, v NEW YORK CENTRAL MUTUAL INSURANCE COMPANY, Respondent. [716 NYS2d 84] —In an action to recover no-fault medical payments under two insurance contracts, the plaintiffs Presbyterian Hospital in the City of New York, as assignee of Julia Khvasechko, and St. Luke's-Roosevelt Hospital, as assignee of Bhupinder Singh, appeal from an order of the Supreme Court, Nassau County (McCarty, J.), dated September 29, 1999, which granted the defendant's motion to vacate a judgment of the same court dated April 12, 1999, entered upon its failure to oppose the plaintiffs' motion for renewal and reargument of a prior motion for summary judgment on the first cause of action to recover payments for medical services rendered by the plaintiff Presbyterian Hospital in the City of

New York, which was granted by order of the same court dated February 10, 1999.

Ordered that the appeal by the plaintiff St. Luke's-Roosevelt Hospital is dismissed as that plaintiff is not aggrieved by the order appealed from (see, CPLR 5511); and it is further,

Ordered that the order is reversed, on the law, the motion to vacate the judgment entered on the defendant's default is denied, and the judgment dated April 12, 1999, is reinstated; and it is further,

Ordered that the plaintiff Presbyterian Hospital in the City of New York is awarded one bill of costs.

After the court denied the motion of the plaintiffs Presbyterian Hospital in the City of New York (hereinafter Presbyterian Hospital) and St. Luke's-Roosevelt Hospital for summary judgment on their claims to recover payment for medical services pursuant to Insurance Law § 5106 (a), Presbyterian Hospital moved for renewal and reargument. When the defendant failed to oppose the motion, the court granted it on the defendant's default, and a judgment in favor of Presbyterian Hospital was entered. The defendant subsequently moved to vacate the judgment, and the court granted its motion.

To vacate a judgment on the ground of excusable default pursuant to CPLR 5015 (a) (1), a defendant is required to demonstrate both a reasonable excuse for its default and the existence of a meritorious defense to the action (see, Parker v City of New York, 272 AD2d 310; Lovario v Vuotto, 266 AD2d 191; Wynne v Wagner, 262 AD2d 556). The defendant's explanation for its default was law office failure, which the court, in its discretion, could accept as a reasonable excuse (see, Parker v City of New York, supra; Lovario v Vuotto, supra). However, the defendant did not sustain its burden of demonstrating a meritorious defense to the first cause of action asserted on behalf of Presbyterian Hospital. The defendant failed to reject Presbyterian Hospital's claim for payment of no-fault benefits within the 30-day period prescribed by Insurance Law § 5106 (a) and 11 NYCRR 65.15 (g) (3), and did not present proof in admissible form that the injury for which the subject patient was treated did not arise out of an insured incident. Under these circumstances, the defendant is precluded from disclaiming coverage (see, Central Gen. Hosp. v Chubb Group, 90 NY2d 195; Presbyterian Hosp. v Maryland Cas. Co., 90 NY2d 274; Mount Sinai Hosp. v Triboro Coach, 263 AD2d 11), and its motion should have been denied. Altman, J. P., Friedmann, Krausman and Smith, JJ., concur.