◼ HUBERMAN POINCY et al., Respondents, v WHITE BUS COMPANY, INC., et al., Appellants, et al., Defendant. [717 NYS2d 919] —In an action to recover damages for personal injuries, etc., the defendants White Bus Company, Inc., and Donald L. Brower appeal from an order of the Supreme Court, Kings County (Barasch, J.), dated February 10, 2000, which denied their motion to vacate their default in opposing the plaintiffs' motion pursuant to CPLR 3126 to strike their answer.

Ordered that the order is reversed, as a matter of discretion, with costs, the motion is granted, and the answer is reinstated.

It is well settled that a defendant attempting to vacate a default must establish a reasonable excuse for the default, a meritorious defense, and a lack of prejudice to the nonmoving party (*see, Morgese v Laro Maintenance Corp.,* 251 AD2d 307; *Albin v First Nationwide Network Mtge. Co.,* 188 AD2d 575). A court may, in its discretion, accept a claim of law office failure as satisfying the reasonable excuse requirement (*see,* CPLR 2005; *cf., Putney v Pearlman,* 203 AD2d 333). Here, the defendants' claim of law office failure was sufficient to establish reasonable excuse. Furthermore, the defendants demonstrated a meritorious defense, and, since the evidence sought by the plaintiffs' discovery was not significant to the central issues to be litigated, there was no evidence of prejudice to the plaintiffs. Under the circumstances, the Supreme Court improvidently exercised its discretion in denying the defendants' motion. Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.