■ In the Matter of AIU Insurance Company, Respondent, v Jerry Fernandez, Appellant. [721 NYS2d 840] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Jerry Fernandez appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated March 3, 2000, which denied his motion to vacate a prior order of the same court, dated September 13, 1999, grant-

ing the petition and permanently staying arbitration upon his default in appearing.

Ordered that the order is affirmed, with costs.

To vacate the order entered upon his default in appearing in opposition to the petition to permanently stay arbitration, the appellant was obligated to establish both a reasonable excuse for the default and the existence of a meritorious defense (*see, CPLR* 5015 [a] [1]; *Presbyterian Hosp. v New York Cent. Mut. Ins. Co.,* 277 AD2d 299; *McGee v McAleer,* 277 AD2d 207). The Supreme Court providently exercised its discretion in denying the appellant's motion, as he failed to demonstrate a reasonable excuse for his default (*see, McGee v McAleer, supra*; *U.S. Dental v Hart Armonk Assocs.,* 277 AD2d 221; *Phillips, Nizer, Benjamin, Krim & Ballon v Matteo,* 271 AD2d 422). In light of this conclusion, we need not consider whether the appellant established the existence of a meritorious defense (*see, Phillips, Nizer, Benjamin, Krim & Ballon v Matteo, supra*). Bracken, P. J., S. Miller, McGinity and Schmidt, JJ., concur.