■ ST. CHARLES HOSPITAL AND REHABILITATION CENTER, Respondent, v ROYAL GLOBE INSURANCE COMPANY et al., Appellants, et al., Defendants. PATRICK F. ADAMS et al., Nonparty Respondents. [723 NYS2d 383] —In an action for a judgment declaring that the defendants Royal Globe Insurance Company and Royal Insurance Company of America are required to defend and indemnify the plaintiff in an underlying action

entitled *Mulholland v St. Charles Hosp.*, pending in the Supreme Court, Suffolk County, under Index No. 3941/95, Royal Globe Insurance Company and Royal Insurance of America appeal from an order of the Supreme Court, Suffolk County (Berler, J.), entered June 14, 2000, which, upon renewal, *inter alia*, granted the plaintiff's motion for leave to enter a default judgment against them.

Ordered that the order is reversed, with one bill of costs, the motion is denied, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

This case arises from a disclaimer of coverage by the defendants Royal Globe Insurance Company and Royal Insurance Company of America (hereinafter collectively referred to as Royal) in an underlying medical malpractice action against the plaintiff hospital, on the basis of, *inter alia*, untimely notice. The alleged malpractice occurred in 1975, and service of process was effected on the plaintiff in March 1996. The plaintiff retained its own counsel to defend the action, and counsel notified Royal of the action over nine months later, in January 1997. Within one week of receiving notice of the action, Royal sent a reservation of rights letter to the plaintiff, and seven weeks after that, disclaimed coverage. The plaintiff commenced this declaratory judgment action in December 1998, seeking a defense and indemnification from Royal, 21 months after Royal's disclaimer. Two months after service of the summons and complaint upon Royal, the plaintiff moved for leave to enter a default judgment against it, because of Royal's failure to appear or answer. The Supreme Court granted the motion.

The Supreme Court improvidently exercised its discretion in granting the plaintiff's motion. Royal demonstrated that while the default was due to law office failure, it was clearly not willful or deliberate (*see, Lefkowitz v Kaye, Scholer, Fierman, Hays & Handler,* 271 AD2d 576; *Trent v Bedford Stuyvesant Restoration Ctr.,* 277 AD2d 444). Royal demonstrated a good faith intent to defend the instant action, the period of delay was relatively short, and the plaintiff will not be prejudiced by vacating the default (*see, Coven v Trust Co.,* 225 AD2d 576; *Bernardo v USAir Group,* 175 AD2d 642). Royal made out "a prima facie showing of a meritorious defense" (*Energy Sav. Prods. v Milici,* 168 AD2d 415; *see, Tat Sang Kwong v Budge-Wood Laundry Serv.,* 97 AD2d 691), i.e., late notice of the claim (*see, White v City of New York,* 81 NY2d 955; *Frenchy's Bar & Grill v United Intl. Ins. Co.,* 251 AD2d 177).

In light of our determination, the matter is remitted to the Supreme Court, Suffolk County, to conduct discovery, including the nonparty witness subpoenas (*see, Matthews v McDonald,* 241 AD2d 808). S. Miller, J. P., Friedmann, H. Miller and Smith, JJ., concur.