■ DOMINIC W. GREENE et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendant. [724 NYS2d 631] —In an action to recover damages for personal injuries, etc., the defendant New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated January 28, 2000, which granted the plaintiffs' motion for renewal, and, upon renewal, granted the plaintiffs' motion to vacate an order of the same court dated October 26, 1998, granting, upon the plaintiffs' default in responding, the motion of the defendant New York City Housing Authority to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion for renewal is denied, and the order dated October 26, 1998, is reinstated.

The plaintiff Lisa Greene commenced the instant action on behalf of her infant son and herself, individually, against, among others, the appellant New York City Housing Authority (hereinafter the NYCHA) to recover damages for personal injuries arising out of her son's alleged ingestion of lead paint. In July 1998 the NYCHA moved, *inter alia*, to strike the plaintiffs' complaint insofar as asserted against it based upon their failure to provide demanded discovery. Upon the plaintiffs' default in responding, the Supreme Court, by order dated October 26, 1998, granted the motion and struck the complaint insofar as asserted against the NYCHA.

Thereafter, the plaintiffs moved to vacate their default, offering law office failure as the excuse. By order dated June 18, 1999, the Supreme Court denied the plaintiffs' motion. Subsequently, by order to show cause dated September 16, 1999, the plaintiffs moved for leave to renew their prior motion. Although the plaintiffs' counsel now offered a more detailed explanation of their law office failure and a more detailed explanation of the merits of the action insofar as asserted against the NYCHA, they failed to provide any explanation for their failure to present these additional facts on their prior motion to vacate their default, as required by CPLR 2221 (e) (3). Nevertheless, by order dated January 28, 2000, the Supreme Court granted the plaintiffs' motion for renewal and, upon renewal, vacated the order dated October 26, 1998. We reverse.

Effective July 20, 1999, the Legislature amended CPLR 2221

to codify the requirements, *inter alia*, of motions for leave to renew. As amended, CPLR 2221 now provides, among other things, that a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221 [e] [2]), and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). In the instant case, the plaintiffs failed to provide any justification, let alone a reasonable one, as to why they failed to present the new facts upon which their motion to renew was based to the Supreme Court on their prior motion to vacate their default. Therefore, the Supreme Court erred in granting their motion to renew (*see, Delvecchio v Bayside Chrysler Plymouth Jeep Eagle,* 271 AD2d 636, 638; *Ulster Sav. Bank v Goldman,* 183 Misc 2d 893). In light of the mandatory language used by the Legislature in CPLR 2221 (e) (3), we reject the plaintiffs' contention that the Supreme Court had discretion to grant renewal, notwithstanding their omission of a reasonable justification for their failure to present the new facts upon which their motion for leave to renew was based to the Supreme Court on their prior motion to vacate their default.

In any event, we note that upon granting the plaintiffs' motion to renew, the Supreme Court improperly vacated the plaintiffs' default in opposing the motion of the NYCHA to dismiss the complaint insofar as asserted against it. It is well settled that on a motion to vacate a default pursuant to CPLR 5015 (a), the moving party must demonstrate a reasonable excuse for the default and a meritorious cause of action (*see, Gambardella v Ortov Light.,* 278 AD2d 494; *Parker v City of New York,* 272 AD2d 310). The plaintiffs do not have a meritorious cause of action against NYCHA, as no special relationship existed between the NYCHA and the plaintiffs under the circumstances presented (*see, Gibbs v Paine,* 276 AD2d 743). O'Brien, J. P., Friedmann, Feuerstein and Cozier, JJ., concur.