■ WESTCHESTER COUNTY MEDICAL CENTER, as Assignee of ADRIAN OLLIVIERRE, Respondent, et al., Plaintiffs, v ALLSTATE INSURANCE COMPANY, Appellant. [724 NYS2d 879] —In an action, *inter alia,* to recover no-fault insurance benefits, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Martin, J.), dated June 30, 2000, as denied its motion to vacate that part of a clerk's judgment entered July 9, 1999, upon its failure to appear or answer, as awarded the plaintiff Westchester County Medical Center, as assignee of Adrian Olliviere, the principal sum of $2,687.57.

Ordered that the order is affirmed, with costs.

The plaintiff Westchester County Medical Center (hereinafter WCMC), as assignee of non-party Adrian Olliviere, commenced this action against the defendant Allstate Insurance Company (hereinafter Allstate) to recover no-fault insurance benefits. After Allstate failed to timely appear or answer, WCMC, as assignee of Olliviere, obtained a judgment against Allstate in the principal sum of $2,687.57. However, Allstate failed to pay the judgment, despite due demand, and WCMC served an information subpoena on Allstate seeking information to aid the enforcement of the judgment. When Allstate failed to respond to the subpoena, WCMC successfully moved to have Allstate found in contempt. Thereafter, Allstate moved to vacate its default in the action pursuant to CPLR 5015 (a) (1). Allstate asserted that it defaulted in the matter because inquiries revealed that it did not provide coverage to Olliviere on the date in question. Thus, it argued, because the failure to timely disclaim coverage that did not exist did not operate to create coverage, it had both a reasonable excuse for its default and a meritorious defense to the action. The Supreme Court denied the motion, and we affirm.

A party seeking to vacate a default pursuant to CPLR 5015 (a) (1) must proffer both a reasonable excuse for the default and a meritorious defense to the action (*see, Gray v B.R. Trucking Co.,* 59 NY2d 649; *Matter of AIU Ins. Co. v Fernandez,* 281

AD2d 542; *Phillips, Nizer, Benjamin, Krim & Ballon v Matteo,* 271 AD2d 422; *Roussodimou v Zafiriadis,* 238 AD2d 568). Although Allstate proffered a potentially meritorious defense to the action, it gave no excuse for its default, which it admitted was intentional (*see, Roussodimou v Zafiriadis, supra; Perellie v Crimson's Rest.,* 108 AD2d 903). Allstate would not be precluded from defending against this action based on an alleged lack of coverage, despite its failure to have timely denied benefits on such ground pursuant to the relevant no-fault regulations (*see, Central Gen. Hosp. v Chubb Group,* 90 NY2d 195; *Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co.,* 262 AD2d 553; 11 NYCRR part 65). However, that did not provide it with a reasonable excuse to default and not take any action to vacate that default until judgment was entered and a finding of contempt was made related to the enforcement of the judgment (*see, Roussodimou v Zafiriadis, supra*). In sum, in light of Allstate's intentional default in this matter, the Supreme Court providently exercised its discretion in denying Allstate's motion. Ritter, J. P., McGinity, H. Miller and Townes, JJ., concur.