■ EASTERN RESOURCE SERVICE, INC., Appellant, v MOUNTBATTEN SURETY COMPANY, INC., Respondent. [734 NYS2d 496] —In an action against a surety for an alleged breach of a construction contract by its principal, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated March 19, 2001, which granted the defendant's motion pursuant to CPLR 317 and 5015 (a) to vacate its default in appearing.

Ordered that the order is affirmed, with costs.

Since the defendant failed to prove that it did not personally receive notice of the summons in time to appear and defend the action, the Supreme Court erred in granting the defendant's motion to vacate its default pursuant to CPLR 317 (*see, Nicolosi v Sleuth Sec. Sys.,* 247 AD2d 521). Nevertheless, the record amply supports the granting of the defendant's motion pursuant to CPLR 5015.

To obtain relief from a default, a defendant must show both a reasonable excuse for its default, and the merits of its defense (*see, Westchester County Med. Ctr. v Allstate Ins. Co.,* 283 AD2d 488; *Greene v New York City Hous. Auth.,* 283 AD2d 458; *Matter of AIU Ins. Co. v Fernandez,* 281 AD2d 542; *Poincy v White Bus Co.,* 278 AD2d 467). Contrary to the plaintiff's contentions, the defendant made the requisite showings.

The defendant proffered an excuse, in effect, of in-house law

office failure, that was reasonable under the facts of this case (*see, Lowe v Steinman,* 284 AD2d 506; *Poincy v White Bus Co., supra; Parker v City of New York,* 272 AD2d 310). Furthermore, the defendant promptly moved to cure its brief default, thereby undercutting any claim of willfulness or prejudice to the plaintiff (*see, Poincy v White Bus Co., supra; Morgese v Laro Maintenance Corp.,* 251 AD2d 307; *Albano v Nus Holding Corp.,* 233 AD2d 280). Indeed, at most the defendant was approximately 33 days late in filing a notice of appearance on December 22, 2000, and it moved for relief within approximately one month after learning that the plaintiff had obtained judgment on default on December 19, 2000 (*see, Zolna v Lupino,* 251 AD2d 658; *Coven v Trust Co.,* 225 AD2d 576). Additionally, the defendant established prima facie the existence of meritorious defenses to the plaintiff's claims (*see, St. Charles Hosp. & Rehabilitation Ctr. v Royal Globe Ins. Co.,* 282 AD2d 593). Accordingly, given these short time-lapses, the absence of any prejudice to the plaintiff, and the policy that favors determination of controversies on the merits, the defendant's motion to vacate its default was properly granted (*see, St. Charles Hosp. & Rehabilitation Ctr. v Royal Globe Ins. Co., supra; Morgese v Laro Maintenance Corp., supra; Classie v Stratton Oakmont,* 236 AD2d 505; *Albano v Nus Holding Corp., supra; Dowson v Forest Park Assn.,* 228 AD2d 471).

The appellant's remaining contentions are without merit. Ritter, J. P., Krausman, Goldstein and S. Miller, JJ., concur.