■ In the Matter of C.N.A., Respondent, v JAE JIM SHIM, Respondent, AMERICAN HOME ASSURANCE Co., Appellant, et

al., Respondent. [736 NYS2d 244] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the additional respondent American Home Assurance Co. appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated February 22, 2001, as, in effect, upon reargument, adhered to a prior determination of the same court, dated September 20, 2000, denying its motion to vacate a judgment of the same court, entered August 11, 2000, granting the petition and permanently staying arbitration upon its default in appearing and the presentation of a prima facie case at a hearing.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court correctly treated the appellant's supplemental petition as a motion for leave to reargue, and, upon reargument, properly adhered to its original determination after reviewing the merits (*see, Caccioppoli v Long Is. Jewish Med. Ctr.,* 271 AD2d 565).

To vacate a default, a defendant must establish both a reasonable excuse for the default and a meritorious defense (*see, Westchester County Med. Ctr. v Allstate Ins. Co.,* 283 AD2d 488; *Greene v New York City Hous. Auth.,* 283 AD2d 458; *Matter of AIU Ins. Co. v Fernandez,* 281 AD2d 542; *Poincy v White Bus Co.,* 278 AD2d 467).

The Supreme Court properly denied the motion since the appellant failed to proffer a meritorious defense (*see, Greene v New York City Hous. Auth., supra*). Contrary to its contention, it failed to overcome the prima facie case that the petitioner presented at a hearing (*see, Matter of Globe Indem. Co. v Lawrence,* 210 AD2d 334; *Matter of Wausau Ins. Co. v Predestin,* 114 AD2d 900). Ritter, Acting P.J., Smith, Adams and Cozier, JJ., concur.