■ ROBERTO JUARBE, Appellant, v CITY OF NEW YORK, Respondent. [756 NYS2d 427] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated June 20, 2001, which denied his motion to vacate a prior order of the same court, dated March 9, 2001, granting, upon his default in appearing at oral argument, the defendant's motion for summary judgment dismissing the complaint and to deem the service and filing of an amended notice of claim timely. Justice Feuerstein has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

To vacate a default, a movant must establish both a reasonable excuse and a meritorious claim or defense (*see Westchester County Med. Ctr. v Allstate Ins. Co.,* 283 AD2d 488 [2001]; *Greene v New York City Hous. Auth.,* 283 AD2d 458 [2001]; *Matter of AIU Ins. Co. v Fernandez,* 281 AD2d 542, 543 [2001]; *Poincy v White Bus Co.,* 278 AD2d 467 [2000]).

The only explanation offered by the plaintiff for his default in opposing the defendant's motion was that his attorney was late for a motion calendar call. Although law office failure may constitute a reasonable excuse under certain circumstances, the explanation offered was conclusory and devoid of any detailed factual allegations, and thus did not constitute a reasonable excuse (*see Morris v Metropolitan Transp. Auth.,* 191 AD2d 682, 683 [1993]).

In addition, the proposed amended notice of claim was a "nullity," as it was served upon the defendant City of New York without leave of court (*Henry v Aguilar,* 282 AD2d 711 [2001]; *see* General Municipal Law § 50-e [1] [a]). Further, any amended notice of claim served two years after the incident would be prejudicial to the City, since the initial notice of claim served in this case failed to describe the accident location with sufficient particularity (*see Earle v Town of Oyster Bay,* 247 AD2d 357, 358 [1998]).

The plaintiff's remaining contention raises an issue that is dehors the record and will not be considered on appeal (*see Matter of Acme Bus Co. v Board of Educ. of Roosevelt Union Free School Dist.,* 91 NY2d 51, 56 n [1997]; *R & J Yorek v MCL Constr.,* 173 AD2d 531, 532 [1991]; *Carhuff v Barnett's Bake Shop,* 54 AD2d 969 [1976]). Feuerstein, J.P., S. Miller, Friedmann and Cozier, JJ., concur.