■ ANNE GREZINSKY et al., Appellants, v MOUNT HEBRON CEMETERY et al., Respondents. [759 NYS2d 386] —In an action to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated June 4, 2002, which denied their motion pursuant to CPLR 5015 to vacate a prior order of the same court, dated June 6, 2001, dismissing the action for failure to prosecute.

Ordered that the order is affirmed, with costs.

In order to vacate a default pursuant to CPLR 5015, a plaintiff must establish both a reasonable excuse and a meritorious cause of action (*see* CPLR 5015; *Westchester County Med. Ctr. v Allstate Ins. Co.,* 283 AD2d 488 [2001]; *Greene v New York City Hous. Auth.,* 283 AD2d 458 [2001]; *Matter of AIU Ins. Co. v Fernandez,* 281 AD2d 542 [2001]; *Poincy v White Bus Co.,* 278 AD2d 467 [2000]). While law office failure may, under certain circumstances, constitute a reasonable excuse for vacating a default, the movant must set forth detailed factual allegations which explain the reason for such failure (*see Morris v Metropolitan Transp. Auth.,* 191 AD2d 682 [1993]).

Contrary to the plaintiffs' contention, their unsubstantiated allegations of law office failure did not constitute a reasonable excuse. Further, the plaintiffs failed to set forth a meritorious cause of action. Accordingly, the denial of their motion to vacate the order dismissing the action was proper.

The plaintiffs' remaining contentions are unpreserved for appellate review (*see Aguirre v City of New York,* 214 AD2d 692, 694 [1995]; *Stilo v County of Nassau,* 122 AD2d 41, 45 [1986]). Altman, J.P., Cozier, Mastro and Rivera, JJ., concur.