■ In the Matter of TRAVELERS PROPERTY CASUALTY CORP., Appellant, v LARA BOCHAROVA, Respondent. [767 NYS2d 920]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Kings County (Hall, J.), dated February 11, 2003, which granted the respondent's motion, treated by the Supreme Court as one for leave to reargue or renew but which was, in actuality, to vacate and/or

modify a prior order of the same court dated October 5, 2001, granting the petition and permanently staying arbitration upon her default in appearing, and upon reargument, vacated the order dated October 5, 2001.

Ordered that the order dated February 11, 2003, is reversed, on the law, with costs, the motion is denied, and the order dated October 5, 2001, is reinstated.

The Supreme Court erred in treating the respondent's motion as one for leave to reargue and/or renew. The respondent's motion sought only to vacate and/or modify the order dated October 5, 2001, entered upon her default in appearing (*see East Is. Assn. v Carbone,* 150 AD2d 422 [1989]).

"To vacate [an] order entered upon [a] default in appearing in opposition to [a] petition to permanently stay arbitration [of an uninsured motorist claim], the [movant] was obligated to establish both a reasonable excuse for the default and the existence of a meritorious defense" (*Matter of AIU Ins. Co. v Fernandez,* 281 AD2d 542, 543 [2001]; *see Presbyterian Hosp. v New York Cent. Mut. Ins. Co.,* 277 AD2d 299 [2000]; *Matter of C.N.A. v Jae Jim Shim,* 290 AD2d 438 [2002]). Here, the respondent failed to offer any excuse, let alone a reasonable one, for the failure to respond to the petition for a stay of uninsured motorist benefits which resulted in the order dated October 5, 2001, entered on default. Under such circumstances, the respondent was not entitled to vacate her default, and it is unnecessary to examine whether or not she established a meritorious defense to the petition (*see Phillips, Nizer, Benjamin, Krim & Ballon v Matteo,* 271 AD2d 422 [2000]). Santucci, J.P., Krausman, Cozier and Mastro, JJ., concur.