476

■ William R. Henry et al., Appellants, v Timothy W. Kuveke et al., Respondents, et al., Defendants. [781 NYS2d 114]—

In an action, inter alia, to recover damages for conscious pain and suffering and wrongful death, the plaintiffs appeal (1) from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated October 18, 2002, which granted the motion of the defendant County of Orange for summary judgment dismissing the complaint and all cross claims insofar as asserted against it upon the plaintiffs' default in opposing the motion, (2) from an order of the same court dated October 28, 2002, which granted the motion of the defendant Town of Warwick for summary judgment dismissing the complaint and all cross claims insofar as asserted against it upon the plaintiffs' default in opposing the motion, (3), as limited by their brief, from so much of an order of the same court dated November 14, 2002, as granted the motion of the defendants Timothy W. Kuveke, Evan Kuveke, and Timothy Kuveke for summary judgment dismissing the complaint and all cross claims insofar as asserted against them upon the plaintiffs' default in timely opposing the motion, and (4) from an order of the same court dated December 11, 2002, which denied their motion to vacate the orders dated October 18, 2002, and October 28, 2002.

Ordered that the appeals from the orders dated October 18, 2002, October 28, 2002, and November 14, 2002, are dismissed, as no appeals lie from orders made upon the default of the appealing party (see CPLR 5511); and it is further,

Ordered that the order dated December 11, 2002, is modified, on the law and as a matter of discretion, by deleting the provision thereof denying that branch of the plaintiffs' motion which was to vacate the order dated October 18, 2002, and substituting therefor a provision granting that branch of the plaintiffs' motion to the extent of vacating so much of the order dated October 18, 2002, as granted that branch of the motion of the defendant County of Orange which was for summary judgment

dismissing the claims alleging negligence in the design and maintenance of the intersection of Foley Road and Orange County Route 1 in the Town of Warwick related to obstructions of the sight-lines thereof, and otherwise denying that branch of the plaintiffs' motion; as so modified, the order is affirmed, without costs or disbursements, that branch of the motion of the defendant County of Orange which was for summary judgment dismissing the claims alleging negligence in the design and maintenance of the intersection of Foley Road and Orange County Route 1 in the Town of Warwick related to obstructions of the sight-lines thereof is denied and the order dated October 18, 2002, is modified accordingly.

On December 11, 1999, the plaintiffs' decedent, Kevin Henry (hereinafter Henry), sustained fatal injuries in a motor vehicle collision at the intersection of Foley Road and Orange County Route 1 (hereinafter CR 1) in the Town of Warwick. Moments before the collision, Henry had been driving his 1991 Toyota north on Foley Road. Henry should have brought his vehicle to a stop before crossing the intersecting CR 1. The stop sign controlling northbound traffic on Foley Road at its intersection with CR 1, however, was missing; apparently it had been dislodged from its post hours earlier by strong winds and, also before the accident, had been picked up and taken from the ground by the defendant Timothy W. Kuveke and/or one of his sons. Thus, when Henry reached the intersection, there was no stop sign. Moreover, because the view to the east was blocked by a wooded earth embankment, Henry could not see the oncoming vehicle owned by the defendant Tammy Warfield and driven by the defendant Norman Warfield, as it approached Foley Road from the east on CR 1. Henry proceeded into the intersection without stopping, where the Warfield vehicle struck Henry's Toyota on its right side, sending the Toyota spinning clockwise into the left front of the defendant Andrew Hirsch's Mazda, which had come to a stop southbound on Foley Road on the opposite side of CR 1.

The plaintiffs commenced this action, inter alia, to recover damages for Henry's conscious pain and suffering and wrongful death. The complaint alleged, among other things, that Hirsch and the Warfields were negligent in the manner in which they operated their vehicles, and that the County of Orange and the Town were negligent in the manner in which they maintained their respective roads. Additionally, the plaintiffs alleged that Kuveke and/or his sons (hereinafter the Kuveke defendants), had caused the accident by removing the stop sign.

On or about August 28, 2002, the Kuveke defendants moved

for summary judgment dismissing the complaint insofar as against them, adducing proof, inter alia, that the stop sign had blown down from its sign post earlier on December 11, 1999, and that they did not cause the accident. On or about September 20, 2002, the County moved for summary judgment, adducing evidence that it had not received prior written notice that the stop sign had become dislodged from the sign post. On or about September 30, 2002, the Town moved for summary judgment dismissing the complaint insofar as asserted against it, adducing proof that maintenance of the stop sign, and the intersection, was the County's responsibility. In support, the Town proffered a contract, executed in 1997, pursuant to which the County hired a contractor to reconfigure the intersection of Foley Road and CR 1, specifically to improve sight distances at the intersection.

On or about October 30, 2002, the plaintiffs cross-moved, inter alia, to compel discovery from the Town and from the Kuveke defendants, and to hold the summary judgment motions in abeyance pending the completion of this additional discovery. Unbeknownst to the plaintiffs, however, by orders dated October 18, 2002, and October 28, 2002, the Supreme Court granted the *unopposed* motions of the County and the Town, thus awarding summary judgment dismissing the complaint and all cross claims insofar as asserted against those defendants. Furthermore, by order dated November 14, 2002, the Supreme Court granted the Kuveke defendants' motion on default, disregarding the plaintiffs' October 30, 2002, cross motion and opposing papers as untimely. The Supreme Court noted that even if it had considered the plaintiffs' arguments, the Kuveke defendants had nevertheless established their entitlement to summary judgment. The plaintiffs filed notices of appeal from each of these orders.

By notice of motion dated November 4, 2002, the plaintiffs moved to vacate the orders dated October 18, 2002, and October 28, 2002, granting the respective summary judgment motions of the County and the Town. This motion did not address the order dated November 14, 2002, granting the motion of the Kuveke defendants. The plaintiffs' attorney accepted responsibility for being mistaken as to the scheduling of the defendants' motions. The attorney averred that at a conference on September 5, 2002, he understood that October 30, 2002, would be the last date for him to submit opposition to the motions. He thus asked the Supreme Court to accept this excuse for his failure to file timely opposition papers. Incorporating by reference the exhibits and affidavits to the plaintiffs' untimely October 30,

2002, cross motion, the plaintiffs asserted that they had a meritorious cause of action as against all defendants.

By order dated December 11, 2002, the Supreme Court denied the plaintiffs' motion, concluding that they had demonstrated neither an excuse for their default nor any meritorious claims.

It is axiomatic that a court may vacate a default upon a showing by the movant of both a reasonable excuse for the default and the existence of a meritorious claim (*see* CPLR 5015 [a] [1]; *Katsnelson v ELRAC, Inc.*, 304 AD2d 619 [2003]; *Matter of Gambardella v Ortov Light.*, 278 AD2d 494 [2000]; *Parker v City of New York*, 272 AD2d 310 [2000]). The plaintiffs' counsel explained that after a conference on September 5, 2002, he believed that the Supreme Court had set October 30, 2002, as the deadline by which the plaintiffs' opposition to the defendants' motions was due. The Supreme Court had in fact set that as the date by which all motions were to be fully submitted. It is noteworthy that as of the date of the conference, the County and the Town had not yet moved for summary judgment. The County and the Town filed their respective motions for summary judgment on or about September 20, 2002, and September 30, 2002, respectively, to which the plaintiffs responded via their October 30, 2002, cross motion; the default was not a lengthy one. In any event, the plaintiffs' counsel offered a detailed and credible excuse of law office failure, which, under the circumstances, should have been deemed adequate to excuse the plaintiffs' default (*see Storchevoy v Blinderman*, 303 AD2d 672 [2003]; *Eastern Resource Serv. v Mountbatten Sur. Co.*, 289 AD2d 283 [2001]; *Poincy v White Bus Co.*, 278 AD2d 467 [2000]; *cf. Grezinsky v Mount Hebron Cemetery*, 305 AD2d 542 [2003]). Given the strong public policy in favor of resolving cases on the merits, the plaintiffs' lack of intent to abandon the action, the lack of prejudice to the respondents caused by the plaintiffs' delay in opposing their summary judgment motions, and the fact that the plaintiffs' delay was not willful, the plaintiffs should not be deprived of their day in court (*see Burgess v Brooklyn Jewish Hosp.*, 272 AD2d 285 [2000]).

Furthermore, the plaintiffs demonstrated the merit of their case as against the County on the theory that it was negligent in the maintenance of the intersection in regard to its obstructed sight lines. Although the County demonstrated that it had not received any prior notice of the missing stop sign, the missing stop sign was not the only alleged proximate cause of the accident. The plaintiffs adduced evidence giving rise to an issue of fact as to whether the County's alleged negligent maintenance and design of the intersection was a proximate cause of the ac-

cident. A police collision reconstruction findings report adduced by the Kuveke defendants in support of their motion noted that while traveling north on Foley Road, the view of eastbound traffic approaching on CR 1 is obstructed by "a wooded earth embankment." That report concluded that in addition to the missing stop sign, "[s]ight distance was also found to be a contributing factor [to the accident] for the operator of vehicle #2," i.e., the plaintiff's decedent.

As noted, in 1997 the County hired a contractor to reconfigure the intersection of Foley Road and CR 1, specifically to improve sight distances at the intersection. However, the plaintiffs adduced evidence that the contractor's efforts did not improve the sight lines at the intersection, but had made them worse. Before the accident, a group of concerned citizens had notified, among others, the Orange County Department of Transportation of the danger posed by the intersection. By letter dated September 20, 1999, these concerned citizens warned the County that the CR 1-Foley Road intersection "is still a blind intersection, even though the county attempted to lower the hill."

Thus, the County had received actual notice, in writing, of an allegedly dangerous condition which it may have allegedly created, which may have contributed to the happening of the accident. On the basis of this evidence, which clearly would have rebutted the County's prima facie showing of entitlement to summary judgment, the plaintiffs established a meritorious cause of action against the County.

The plaintiffs' remaining contentions are without merit. S. Miller, J.P., Luciano, Adams and Townes, JJ., concur.