■ DONNA A. VLACHOS, Respondent, v PHYLLIS L. SAUERACKER et al., Appellants. [782 NYS2d 104]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 5, 2003, which denied their motion to vacate a prior order of the same court dated July 19, 2003, which granted, on default, the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order dated September 5, 2003, is reversed, on the law and as a matter of discretion, with costs, the motion to vacate is granted, the order dated July 19, 2003, is vacated, and the motion for summary judgment is denied.

In order to vacate a default, a defendant must establish both a reasonable excuse and a meritorious defense (*see Westchester County Med. Ctr. v Allstate Ins. Co.,* 283 AD2d 488 [2001]; *Greene v New York City Hous. Auth.,* 283 AD2d 458 [2001]). Here, the defendants established both a reasonable excuse and a meritorious defense.

A rear-end collision with a stopped automobile establishes a prima facie case of negligence which imposes a duty on the part of the operator of the moving vehicle to provide a non-negligent explanation to rebut the inference of negligence (*see Gross v Marc,* 2 AD3d 681 [2003]; *Hollis v Kellog,* 306 AD2d 244 [2003]; *Leal v Wolff,* 224 AD2d 392 [1996]).

Here, the plaintiff established a prima facie case of negligence. However, in opposition, the defendants provided a non-negligent

explanation to rebut the inference of negligence. As such, and since a reasonable excuse was provided, the Supreme Court erred in denying the motion to vacate. Furthermore, since there are issues of fact, the motion for summary judgment must be denied. Florio, J.P., Adams, Cozier and Spolzino, JJ., concur.