■ GARY SVENDSEN, Appellant, v PROFESSIONAL BUSINESS SYSTEMS, INC., Respondent, and TENNSCO CORP., Sued Herein as TENNESCO CORP., Defendant and Third-Party Plaintiff-Respondent. HOME PLACE, Third-Party Defendant-Respondent. [784 NYS2d 369]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), dated May 13, 2002, as denied, with leave to

renew, that branch of his motion which was to vacate so much of an order of the same court (Coppola, J.), dated December 5, 2001, which, upon his default, granted the separate motions of the defendants Professional Business Systems, Inc., and Tennsco Corp., sued herein as Tennesco Corp., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

To vacate a default, a plaintiff must establish both a reasonable excuse for the default and a meritorious claim (see CPLR 5015 [a] [1]; *Santiago v New York City Health & Hosps. Corp.,* 10 AD3d 393 [2004]). The plaintiff failed to demonstrate a meritorious cause of action against the defendants Professional Business Systems, Inc., and Tennsco Corp., sued herein as Tennesco Corp. Accordingly, the Supreme Court providently declined to vacate so much of the order dated December 5, 2001, as granted the unopposed separate motions of Professional Business Systems, Inc., and Tennesco Corp. for summary judgment dismissing the complaint insofar as asserted against them (see *Matter of C.N.A. v Jae Jim Shim,* 290 AD2d 438, 439 [2002]; *Greene v New York City Hous. Auth.,* 283 AD2d 458, 459 [2001]). Santucci, J.P., Smith, S. Miller, Cozier and Fisher, JJ., concur.