WASTE MANAGEMENT OF NEW YORK, INC., Respondent, v BEDFORD-STUYVESANT RESTORATION CORPORATION et al., Appellants. [785 NYS2d 543]—

In an action, inter alia, to recover in quantum meruit for the value of work, labor, services, and materials, and based upon an account stated, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered February 27, 2003, as, upon renewal, adhered to a prior determination in an order dated January 23, 2003, denying their motion to vacate an order of the same court dated September 17, 2002, which had, upon their default in opposing the motion, granted the plaintiff's motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, upon renewal, the motion to vacate is granted, and the order dated September 17, 2002, is vacated.

A defendant may obtain relief from a default by demonstrating a reasonable excuse for the default and a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Vlachos v Saueracker,* 10

AD3d 683; *Juarbe v City of New York,* 303 AD2d 462 [2003]). Contrary to the determination of the Supreme Court, upon renewal, the defendants met their burden. There is ample support in the record for the defendants' contention that they were not served with the plaintiff's motion for summary judgment (*see Bianco v Ligreci,* 298 AD2d 482 [2002]; *Crooks v Lear Taxi Corp.,* 136 AD2d 452 [1988]; *Golden v Golden,* 128 AD2d 672, 673 [1987]). We note that the defendants vigorously defended this action and showed no intention to abandon their defense (*see Orwell Bldg. Corp. v Bessaha,* 5 AD3d 573 [2004], *appeal dismissed* 3 NY3d 703 [2004]). Furthermore, the defendants made a sufficient showing of a meritorious defense (*see Ray Realty Fulton, Inc. v Kwang Hee Lee,* 7 AD3d 772 [2004]). The plaintiff failed to establish with precision the actual amounts allegedly due (*see Neuman Distribs. v Pharmedix, Inc.,* 289 AD2d 546, 548 [2001]; *Burt Millwork Corp. v Irpinia Constr. Corp.,* 173 AD2d 433, 435 [1991]), and the defendants proffered copies of numerous checks suggesting at least partial payment. Accordingly, upon renewal, the defendants' motion to vacate should have been granted and the matter should be determined on the merits. Santucci, J.P., S. Miller, Smith, Cozier and Fisher, JJ., concur.