■ CARLOS LIZARDO, Appellant, v MIDWEST AUTOMATION, INC., Respondent, et al., Defendants. [785 NYS2d 702]—In an action, inter alia, to recover damages for personal injuries based on negligence and strict products liability, the plaintiff appeals

from (1) an order of the Supreme Court, Queens County (Dye, J.), dated November 15, 2003, which granted that branch of the motion of the defendant Midwest Automation, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, upon his default in opposing the motion, and (2) so much of an order of the same court (Schulman, J.), dated July 21, 2004, as denied his motion to vacate the order dated November 15, 2003.

Ordered that the appeal from the order dated November 15, 2003, is dismissed, as no appeal lies from an order made upon the default of the appealing party (*see* CPLR 5511; *Matter of Ricky V.,* 4 AD3d 368 [2004]); and it is further,

Ordered that the order dated July 21, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

To vacate his default, the plaintiff was required to demonstrate both a reasonable excuse and a meritorious claim (*see* CPLR 5015 [a] [1]; *Santiago v New York City Health & Hosps. Corp.,* 10 AD3d 393 [2004]; *Spells v A&P Supermarkets,* 253 AD2d 422 [1998]; *Roussodimou v Zafiriadis,* 238 AD2d 568, 568-569 [1997]). The Supreme Court providently determined that the plaintiff failed to present a reasonable excuse for his default. Accordingly, the motion to vacate was correctly denied (*see Grezinsky v Mount Hebron Cemetery,* 305 AD2d 542 [2003]; *Juarbe v City of New York,* 303 AD2d 462 [2003]). Ritter, J.P., H. Miller, Schmidt, Crane and Skelos, JJ., concur.