■ Joo Tae Kim, Appellant, v 158 Plaza Corp. et al., Respondents, et al., Defendants. [826 NYS2d 654]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated January 6, 2006, as denied his motion, in effect, for leave to enforce a default judgment entered in his favor and against the defendants 158 Plaza Corp., Sun Hee Kim, and Jing Wook Kim in the principal sum of $750,000, on condition that, inter alia, these defendants serve an answer on or before January 20, 2006 and pay him $500 to reimburse him for his costs.

Ordered that the order is affirmed insofar as appealed from, with costs.

By order dated September 8, 2005 the Supreme Court granted the respondents' motion to vacate an order and a judgment entered against them upon their default in appearing or answering the complaint on the condition that they serve their answer upon the plaintiff on or before September 23, 2005. When the respondents failed to serve an answer on or before September 23, 2005 the plaintiff moved, in effect, for leave to enforce the default judgment. The respondents, in opposition, claimed they never received the order dated September 8, 2005. The Supreme Court denied the motion on condition that, inter alia, the respondents serve an answer on or before January 20, 2006 and pay the plaintiff $500 to reimburse him for his costs.

Under the circumstances of this case, the respondents' excuse for failure to comply with the order dated September 8, 2005 was reasonable (*see* CPLR 2005). Furthermore, as noted in the order dated September 8, 2005, the respondents sufficiently demonstrated the existence of a meritorious defense to the ac-

tion (*see Couluris v Harbor Boat Realty, Inc.*, 31 AD3d 686 [2006]). Accordingly, given the public policy in favor of determining controversies on their merits, the lack of wilfulness on the part of the defendants, and the lack of prejudice to the plaintiff (*see Scarlett v McCarthy*, 2 AD3d 623 [2003]; *Eastern Resource Serv. v Mountbatten Sur. Co.*, 289 AD2d 283, 284 [2001]) the Supreme Court providently exercised its discretion in denying the plaintiff's motion. Florio, J.P., Ritter, Goldstein and Covello, JJ., concur.