■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v CITY OF WHITE PLAINS, Appellant. [909 NYS2d 924]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the City of White Plains appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered December 17, 2009, which denied its motion, in effect, to vacate a prior order of the same court entered September 21, 2009, granting the petition upon its default in answering.

Ordered that the order entered December 17, 2009, is affirmed, with costs.

A party seeking to vacate an order entered upon its default in opposing a petition must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the petition (*see* CPLR 5015 [a] [1]; *Matter of Macias v Motor Veh. Acc. Indem. Corp.*, 10 AD3d 396, 397 [2004]; *Matter of Travelers Prop. Cas. Corp. v Bocharova*, 2 AD3d 533, 534 [2003]; *Matter of United States Auto. Assn. v Steiger*, 191 AD2d 496 [1993]). The vague and unsubstantiated excuse for the default proffered by the appellant's attorney that the petition was not forwarded to him in a timely manner was insufficient (*see Lemberger v Congregation Yetev Lev D'Satmar, Inc.*, 33 AD3d 671, 672 [2006]; *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353 [2005]; *Campbell v Ghafoor*, 8 AD3d 316, 317 [2004]). Furthermore, the appellant failed to demonstrate a potentially meritorious defense to the petition (*see Matter of Gelish v Dix Hills Water Dist.*, 58 AD3d 841 [2009]; *Matter of Brownstein v Incorporated Vil. of Hempstead*, 52 AD3d 507, 509 [2008]; *Gibbs v City of New York*, 22 AD3d 717, 719 [2005]; *Matter of Urgiles v New York City School Constr. Auth.*, 283 AD2d 434 [2001]). Accordingly, the appellant's motion, in effect, to vacate the order entered September 21, 2009, upon its default, was properly denied. Rivera, J.P., Covello, Eng, Leventhal and Austin, JJ., concur.