■ DOINA RUBINSTEIN, Respondent, v LAURENT RUBINSTEIN, Appellant. [10 NYS3d 305]—

In an action to recover damages for breach of contract and to enforce a stipulation of settlement, the defendant appeals from an order of the Supreme Court, Nassau County (Schwartz Zimmerman, J.), dated January 14, 2014, which denied his motion, in effect, to vacate an order of the same court dated July 11, 2013, granting in part, the plaintiff's motion for summary judgment on the complaint upon his failure to oppose the motion.

Ordered that the order dated January 14, 2014, is affirmed, with costs.

The plaintiff and the defendant are married but have been

separated since 1995. In September 2012, the plaintiff commenced this action against the defendant, seeking to recover damages for breach of contract and to enforce certain terms of a stipulation of settlement entered into by the parties in 2000 as to maintenance and child support.

In March 2013, the plaintiff moved for summary judgment on the complaint, seeking a money judgment in the sums of $533,000 for unpaid child support for the parties' two children, $76,000, constituting one half of the cost of health insurance for the subject children, and $30,000, constituting one half of the costs of college expenses for one of the parties' children. In an order dated July 11, 2013, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment against the defendant in the sum of $533,000 for the unpaid child support upon the defendant's failure to oppose the motion.

The defendant then moved, in effect, to vacate the order dated July 11, 2013, entered upon his default (*see Matter of Travelers Prop. Cas. Corp. v Bocharova*, 2 AD3d 533, 534 [2003]; *National Enters. v Certilman*, 234 AD2d 527, 528 [1996]). In the order appealed from, the Supreme Court denied the defendant's motion.

A defendant seeking to vacate an order entered upon its failure to oppose a motion must demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *Yao Ping Tang v Grand Estate, LLC*, 77 AD3d 822, 822 [2010]; *Matter of Travelers Prop. Cas. Corp. v Bocharova*, 2 AD3d 533, 534 [2003]). Here, the defendant failed to establish a reasonable excuse for his failure to oppose the plaintiff's motion for summary judgment (*see Yao Ping Tang v Grand Estate, LLC*, 77 AD3d at 823; *Matter of Travelers Prop. Cas. Corp. v Bocharova*, 2 AD3d at 534). Therefore, it is not necessary to determine whether the defendant established a potentially meritorious opposition to the motion (*see Matter of Travelers Prop. Cas. Corp. v Bocharova*, 2 AD3d at 534).

Accordingly, the Supreme Court properly denied the defendant's motion, in effect, to vacate the order dated July 11, 2013, entered upon his failure to oppose the plaintiff's motion for summary judgment on the complaint. Chambers, J.P., Miller, Duffy and LaSalle, JJ., concur.