Kevin Merz, Respondent,
against
Bryce Poyer and WHITE WATER OUTFITTERS, Appellants.



Appeal from a judgment of the Justice Court of the Town of Southampton, Suffolk County (Deborah Kooperstein, J.), entered October 28, 2014, and an order of the same court entered November 10, 2014. The judgment, entered upon defendants' failure to appear for trial, awarded plaintiff the principal sum of $1,800. The order denied defendants' motion to vacate the default judgment.




ORDERED that so much of the appeal as is from the judgment entered October 28, 2014 is dismissed, as no appeal lies from a judgment entered upon the default of the appealing party (see CPLR 5511; Matter of Davy v Davy, 75 AD3d 506 [2010]); and it is further, ORDERED that the order is reversed, without costs, and defendants' motion to vacate the default judgment is granted.
In this small claims action to recover the principal sum of $1,800, representing the amount plaintiff had paid defendants for six allegedly defective fishing rods, a default judgment was entered on October 28, 2014 in favor of plaintiff in the principal sum of $1,800 as a result of defendants' failure to appear for trial. Thereafter, defendants moved to vacate the default judgment. By order entered November 10, 2014, the Justice Court denied defendants' motion, finding that, although defendants had set forth a meritorious defense, they had failed to set forth a reasonable excuse for their default.
Upon a review of the record, we find that the Justice Court improvidently exercised its discretion in denying defendants' motion to vacate the default judgment as defendants demonstrated that they had both a reasonable excuse for their default in appearing and a meritorious defense (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). As an excuse for not appearing in court on time, defendant Poyer, the owner of defendant White Water Outfitters, asserted that he had mistakenly noted in his diary that the trial had been scheduled for October 29, 2014 at 9 a.m., instead of the correct scheduled date of October 27, 2014 at 9 a.m. Upon being advised by a phone call at approximately 10:15 a.m. that this matter was on for trial, he appeared in court at approximately 10:45 a.m. on October 27, 2014. Under these circumstances, we find, contrary to the determination of the Justice Court, that defendants offered a credible and reasonable excuse for not appearing in court on time (see Henry v Kuveke, 9 AD3d 476, 479 [2004]; cf. Delacruz v Avila, 12 Misc 3d 144[A], 2006 NY Slip Op 51431[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]). We further find that defendants have asserted a potentially meritorious defense to all or some of the amount sought in this action.
Accordingly, the order is reversed and defendants' motion to vacate the default judgment is granted.
Marano, P.J., Tolbert and Garguilo, JJ., concur.
Decision Date: March 23, 2016