TAM Medical Supply Corp., as Assignee of Rivera, Davie, Appellant, 
against
Republic Western Insurance Company, Respondent. 

The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.
Bryan Cave Leighton Paisner, LLP (Amanda C. Scuder and Matthew Sarles of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered February 7, 2018. The order denied plaintiff's motion to, in effect, vacate an order of that court entered February 27, 2017 granting, without written opposition by plaintiff, defendant's motion for, in effect, summary judgment dismissing the complaint.
ORDERED that the order entered February 7, 2018 is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant Republic Western Insurance Company (Republic) moved for, in effect, summary judgment dismissing the complaint on the ground that this action by plaintiff TAM Medical Supply Corp. (TAM) was barred under the doctrine of res judicata, by virtue of an order of the Supreme Court, New York County, which had granted a motion by Republic for a default judgment against TAM and its assignor, declaring that Republic is not obligated to pay for no-fault benefits on behalf of the assignor. TAM submitted papers in opposition to Republic's motion, but they were not served timely in accordance with a briefing schedule stipulation which had been executed by attorneys for both parties. By order entered February 27, 2017, the Civil Court (Robin Kelly Sheares, J.) granted Republic's motion, declining to consider TAM's late opposition papers. Thereafter, TAM moved, in effect, to vacate the February 27, 2017 order, arguing that it had a reasonable excuse of law office failure for submitting untimely opposition to Republic's motion and a meritorious claim of breach of contract. Republic opposed the motion. TAM appeals from an order of the Civil Court (Robin Kelly Sheares, J.), entered February 7, 2018, denying TAM's motion.
The record before us indicates that TAM had moved, in effect, to vacate the February 27, 2017 order and, thus, was required to demonstrate a reasonable excuse for the default and a potentially meritorious opposition to Republic's motion (see CPLR 5015 [a]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). However, the explanation of law office failure by TAM's attorneys' calendar clerk was insufficient to establish an excuse for submitting TAM's opposition papers late. Consequently, it is unnecessary to determine whether TAM established a potentially meritorious opposition to Republic's motion (see Rubinstein v Rubinstein, 128 AD3d 1047 [2015]). As TAM failed to demonstrate that the February 27, 2017 order should have been vacated, TAM's motion was properly denied.
Accordingly, the order entered February 7, 2018 is affirmed.
ALIOTTA, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 12, 2020