*33 OPINION OF THE COURT
Memorandum.
Judgment affirmed without costs.
Plaintiff commenced the instant action to recover $8,275.66 in first-party no-fault benefits for health care services rendered to plaintiffs assignor. Defendant filed a notice of trial on May 6, 2005. Following two adjournments, the case was dismissed on March 13, 2006 because of plaintiffs lack of readiness to proceed. Plaintiffs counsel served proof of the dismissal on defendant’s attorney on August 21, 2007, with notice of its entry on March 13, 2006.
On November 6, 2007 plaintiff moved to vacate the order of dismissal and restore the matter to the trial calendar. Plaintiffs counsel submitted an affidavit from counsel’s employee Polina Shvartsberg, who stated that she is responsible for calendaring counsel’s trial dates and that she failed to do so in this matter. Consequently, plaintiffs counsel was unprepared for trial.
Plaintiffs counsel also submitted an affidavit from Leonid Rosin, M.D., plaintiffs “corporate operating officer,” who stated that he was personally familiar with plaintiff’s procedures concerning the creation and maintenance of plaintiffs business records and that the claim forms attached to his affidavit were such records. Dr. Rosin stated, among other things, that the forms pertained to treatment rendered, that they had been made contemporaneously to such treatment, and that they had been submitted to defendant, but that no payment had been received. Based on these submissions, plaintiff maintained that it had a reasonable excuse for counsel’s failure to proceed, as well as a meritorious cause of action sufficient to vacate the default.
The Civil Court denied plaintiff’s motion, concluding that plaintiff “has failed to show a reasonable excuse for its delay, as well as a meritorious cause of action, lack of prejudice to the defendant and a lack of intent to abandon this action.” The court added that plaintiffs motion was untimely, as the matter had been marked off the calendar for more than a year.
Plaintiff now appeals, claiming that the Civil Court should have granted its motion to vacate the default pursuant to CPLR 2005 and 5015. We affirm.
Although both defendant and the Civil Court appear to rely on Uniform Rules for the New York City Civil Court (22 NYCRR) § 208.14 (c) to support the denial of plaintiffs motion, we conclude that this provision is inapplicable under the cir *34 cumstances of this case. Section 208.14 (c) governs restoration of cases within one year after the action has been stricken from the calendar. Here, since the case was never stricken from the trial calendar, but rather was dismissed, section 208.14 (c) is inapplicable.
Although the Civil Court, in dismissing the case, did not specifically note a default, it is clear from the record that the case was dismissed on default. Uniform Rules for the New York City Civil Court (22 NYCRR) § 208.14 (b) provides, in relevant part, that
“[a]t any scheduled call of a calendar . . . if all parties do not appear and proceed or announce their readiness to proceed immediately . . . the judge presiding may note the default on the record and enter an order as follows: . . .
“(2) If the defendant appears but the plaintiff does not, the judge may dismiss the action . . . .”
In this case, a card attached to the notice of trial clearly states that the case was dismissed because plaintiff was not ready to proceed. Indeed, plaintiff — both in the Civil Court and on appeal — refers to the dismissal as being entered on default and maintains that its motion to vacate the default should have been granted pursuant to CPLR 5015. In these circumstances, it was incumbent upon plaintiff to demonstrate a reasonable excuse for the default and a meritorious cause of action (see CPLR 5015 [a]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). Plaintiff failed to sustain this burden.
The sole explanation offered by plaintiff for its default is that plaintiffs counsel’s office failed to calendar the trial date. Such conclusory and factually devoid allegations are insufficient to constitute a reasonable excuse (see Juarbe v City of New York, 303 AD2d 462 [2003]). On this basis alone, plaintiffs motion was properly denied.
Accordingly, the judgment is affirmed.
Weston, J.P, Golia and Rios, JJ., concur.