Peoples Alliance Federal Credit Union, Appellant,
against
Steven Brown, Respondent.




Anne Rosenbach, Esq, for appellant.
Steven Brown, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Adam Silvera, J.), entered June 30, 2016. The order denied plaintiff's motion, in effect, to set aside so much of an order of that court entered May 13, 2016 as, sua sponte, dismissed the complaint with prejudice for plaintiff's failure to appear with a witness at trial, and to restore the action to the trial calendar. The appeal from the order entered June 30, 2016 brings up for review so much of a subsequent order of that court entered August 4, 2016 as upon, in effect, renewal, adhered to the prior determination (see CPLR 5517 [b]).




ORDERED that the appeal from the order entered June 30, 2016 is dismissed, as that order was superseded by the order entered August 4, 2016, made upon, in effect, renewal; and it is further,
ORDERED that the order entered August 4, 2016, insofar as reviewed, is affirmed, without costs.
Plaintiff commenced this action to recover the unpaid balance on a loan it had made to defendant as well as the unpaid balance on defendant's credit card account. While defendant did not deny that he owed money to plaintiff, he disputed the amount due, and stated that he was willing to attempt to reach a settlement. Prior to May 13, 2016, the scheduled trial date, the parties made two court appearances but were unable to reach a settlement. In an order entered on May 13, 2016, the Civil Court, sua sponte, dismissed the complaint with prejudice due to [*2]"plaintiff's failure to appear with a witness to proceed to trial" when the date had been marked final for trial.
Shortly thereafter, plaintiff moved, in effect, to set aside so much of the May 13, 2016 order as, sua sponte, dismissed the complaint with prejudice for plaintiff's failure to appear with a witness at trial, and to restore the matter to the trial calendar, stating that it would have been able to proceed to trial on the scheduled trial date, but the court had not given it an opportunity to do so. By order entered June 30, 2016, the Civil Court denied plaintiff's unopposed motion, noting that plaintiff's notice of motion had stated the incorrect Part and had omitted the courtroom number, and further noting that defendant had not appeared.
After filing a notice of appeal from that order, plaintiff moved, in effect, for leave to renew its prior motion, making the same argument it had previously made. By order entered August 4, 2016, the Civil Court upon, in effect, renewal, adhered to its prior determination. Plaintiff's appeal from the June 30, 2016 order brings up for review so much of the August 4, 2016 order as, upon, in effect, renewal, adhered to the prior determination denying plaintiff's motion, in effect, to set aside so much of the May 13, 2016 order as, sua sponte, dismissed the complaint with prejudice for plaintiff's failure to appear with a witness at trial, and to restore the action to the trial calendar (see CPLR 5517 [b]).
Here, we find no basis to disturb the court's ultimate determination to deny plaintiff's motion to vacate the order dismissing the action. This case had been marked final for trial and plaintiff's counsel concedes it had no witness when the case was called for trial. Plaintiff's counsel does not assert that he had even requested an adjournment or that he protested the dismissal at that time. Plaintiff has not demonstrated that it had a reasonable excuse for its default (see V.S. Med. Servs., P.C. v Travelers Ins. Co., 24 Misc 3d 32 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). Consequently, the action was properly dismissed (see SZ Med., P.C. v Allstate Ins. Co., 59 Misc 3d 135[A], 2018 NY Slip Op 50497[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
Accordingly, the order entered August 4, 2016, insofar as reviewed, is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 10, 2018