Graham v City of New York (2021 NY Slip Op 50240(U))

[*1]

Graham v City of New York

2021 NY Slip Op 50240(U) [71 Misc 3d 128(A)]

Decided on March 19, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 19, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-798 K C

Eric B. Graham, Appellant,
against
 The City of New York and the Board of Education of the City of New York, Defendants.
The City of New York and the Board of Education of the City of New York, Third-Party
Plaintiffs, — Johnson Controls, Inc., and IAP World Services, Inc., Formerly Known as
Johnson Controls World Services, Inc., Third-Party Defendants-Respondents.

Umoh Law Firm, PLLC (Uwem Umoh of counsel), for appellant.
Westerman, Ball, Ederer, Miller, Zucker & Sharfstein, LLP (William E. Vita of counsel),
for third-party defendants-respondents.
Corporation Counsel City of NY (James Johnson of counsel), for defendants/third-party plaintiffs
(no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Cenceria P.
Edwards, J.), entered March 4, 2019. The order, insofar as appealed from, granted the branch of
third-party defendants' motion seeking to vacate an order of that court dated December 15, 2016
granting plaintiff's unopposed motion to vacate the dismissal of the complaint and, upon such
vacatur, to deny plaintiff's motion.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
This action to recover for injuries allegedly sustained in a fall in 2005 was dismissed in 2011
based on plaintiff's failure to appear for a scheduled trial date (see 22 NYCRR 208.14 [b]
[2]). Five years later, plaintiff moved to vacate that dismissal. The motion, which was [*2]unopposed, was granted by order dated December 15, 2016. The
third-party defendants, who were not served with plaintiff's motion, subsequently moved to,
among other things, vacate their "default" in opposing plaintiff's motion, based on excusable
default (see CPLR 5015 [a] [1]), and, upon such vacatur, to deny plaintiff's motion.
Plaintiff appeals from so much of the order as granted that branch of the motion.
The third-party defendants demonstrated a reasonable excuse for not opposing plaintiff's
motion, in that they had no notice of the motion. They also demonstrated a meritorious
opposition to plaintiff's motion, as plaintiff's motion failed to establish a reasonable excuse for
plaintiff's default in appearing or for his lengthy delay in moving to vacate his default (see Deutsche Bank Natl. Trust Co. v
Gutierrez, 102 AD3d 825 [2013]) and a meritorious cause of action (see SZ Med., P.C. v Allstate Ins. Co.,
59 Misc 3d 135[A], 2018 NY Slip Op 50497[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2018]; V.S. Med. Servs., P.C.
v Travelers Ins. Co., 24 Misc 3d 32, 34 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2009]; see also CPLR 5015 [a]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr.
Co., 67 NY2d 138 [1986]). 
Plaintiff's argument regarding "standing" lacks merit (see CPLR 1008, 5015 [a]).
Plaintiff's remaining arguments are improperly raised for the first time on appeal (see Joe v Upper Room Ministries, Inc.,
88 AD3d 963 [2011]), lack merit and border frivolity.
Accordingly, the order, insofar as appealed from, is affirmed.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 19, 2021