Rapo v Litvinoff (2021 NY Slip Op 50769(U))

[*1]

Rapo v Litvinoff

2021 NY Slip Op 50769(U) [72 Misc 3d 138(A)]

Decided on July 30, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 30, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, J.P., MICHELLE WESTON, DAVID ELLIOT, JJ

2019-1608 Q C

Adelina Rapo, Appellant, Arben Rapo,
Plaintiff,
against
Svetlana Litvinoff and Artur Litvinoff, Respondents.

Sacco & Fillas, LLP (Albert R. Matuza, Jr. of counsel), for appellant.
Patterson & Sciarrino, LLP (Jerome D. Patterson of counsel), for respondents.

Appeal from an order of the Civil Court of the City of New York, Queens County (Maurice
E. Muir, J.), entered December 12, 2018. The order, insofar as appealed from, denied a motion by
plaintiff Adelina Rapo to vacate so much of an order of that court (Donna Marie Golia, J.)
entered February 26, 2018 as dismissed, upon plaintiffs' failure to appear for a summary jury
trial, so much of the complaint as was asserted by her.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
Plaintiffs commenced this action in Supreme Court, Queens County, in July 2009, as a result
of a motor vehicle accident which occurred on January 21, 2009. Insofar as relevant to this
appeal, Adelina Rapo (plaintiff) sought to recover for personal injuries she suffered in the
accident. Over the next nine years, the action was transferred to the Civil Court, Queens County,
pursuant to CPLR 325 (d), scheduled for trial and marked off the calendar. Following a series of
motions, plaintiff retained new counsel. On January 12, 2018, the court conducted an evidentiary
hearing and a summary jury trial was set for January 18, 2018. The matter was then adjourned to
January 22, 2018 and again to February 26, 2018. When neither plaintiff nor counsel appeared on
February 26, 2018, the Civil Court (Donna Marie Golia, J.) dismissed the action. On or about
March 9, 2018, defendants served a notice of entry of the order.
Insofar as is relevant to this appeal, plaintiff moved five months later to vacate so much of
the February 26, 2018 order as dismissed so much of the complaint as was asserted by her. In his
affirmation in support, plaintiff's counsel stated that plaintiff did not intend to abandon this
action, that discovery was complete and that defendants would not be prejudiced by the granting
of the motion. Counsel argued that an attorney in his firm who "covered the appearance on
January 22, 2018 inadvertently failed to diary the date, February 26, 2018, in our case
management and calendaring system" for the trial date. Counsel also submitted an affidavit by
[*2]the firm's calendar clerk, Charisse Anderson, who averred
that her records showed that there was an entry that the case did not go forward on January 22,
2018, but that there was no new date entered. Counsel further stated that a meritorious cause of
action was demonstrated by the deposition transcript of plaintiff and the affirmed medical report
of her doctor, which described a herniation in the lumbar area of plaintiff's spine that was caused
by the accident. Counsel also noted that the Supreme Court, Queens County (Bernice D. Siegal,
J.), issued an order dated February 9, 2012 denying a motion for summary judgment which
sought to dismiss the relevant causes of action on the ground that plaintiff had not sustained a
serious injury as defined in Insurance Law § 5102 (d).
In an order entered December 12, 2018, insofar as appealed from, the Civil Court (Maurice
E. Muir, J.) denied plaintiff's motion, stating that plaintiff had failed to provide a reasonable
excuse for the default in appearing.
It was incumbent upon plaintiff to demonstrate a reasonable excuse for the default and a
meritorious cause of action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C.
Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). Plaintiff failed to sustain this burden. 
The sole explanation offered by plaintiff for her default is that her counsel's office failed to
calendar the adjourned trial date. While law office failure may constitute a basis to vacate an
order entered upon a default in appearing (see CPLR 2005), here, the moving papers
failed to provide an affidavit by the attorney who had appeared in court on January 22, 2018 and
who had allegedly failed to have the adjourned date entered into the law firm's computer system.
Indeed, the moving papers failed to even provide that attorney's name. Rather, the law firm's
computer entry was simply that the matter did not go forward on January 22, 2018. Such
conclusory allegations are insufficient to constitute a showing of law office failure sufficient to
demonstrate a reasonable excuse for the default (see Juarbe v City of New York, 303
AD2d 462 [2003]; V.S. Med Servs. P.C.
v Travelers Ins. Co., 24 Misc 3d 32 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2009]). In view of the foregoing, plaintiff's motion was properly denied.
Accordingly, the order, insofar as appealed from, is affirmed.
TOUSSAINT, J.P., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 30, 2021